TERRITORY OF DAKOTA, Defendant in Error, *v.* COLLINS, Plaintiff in Error.

**1. Appeal — Review — Harmless Error.**
Where a witness is not permitted to answer a proper question, but at another time is allowed to answer it in effect, there is no reversable error.

**2. Same — Objection Waived — Misconduct of Attorney.**
Where the prosecuting attorney in his closing address to the jury, stated a fact not in evidence, prejudicial to the defendant, but the record only showed an objection and exception to it; *held*, it was not saved so as to be reviewed by the appellate court.

(Argued and determined at the May Term, 1889.)

ERROR to the district court, Walsh county; Hon. CHAS. F. TEMPLETON, Judge.

The defendant was indicted and convicted of the crime of murder.

At the trial one Andrew Anderson was one of the principal witnesses of the homicide, and testified for the territory very fully as to it. On his cross-examination he was asked if he was not "drunk" at the time. The prosecution objected to the inquiry on the ground that it was not proper cross-examination. The court sustained the objection and the defendant excepted. The record, however, showed that during his examination he answered a question that this court deemed was the same in effect.

One of the attorneys for the prosecution in his closing remarks to the jury, referring to the mother of the deceased, Moore, respecting whom no evidence had been introduced, used this language: "If we were to travel outside of this case, and travel for sympathy, we could show that the mother of this Moore boy was made insane by this act, hopelessly insane, that she was made mad."

The defendant objected to these remarks at the time they were made and asked an exception, which was granted. The court in its charge to the jury instructed them in effect that they had no right to consider any thing but the evidence that had been given in open court. The record did not show any further action of the trial court, or a request for any, with reference to the remarks to which objection was made.

*W. J. Hughes, J. H. Hill* and *T. D. O'Brien,* for plaintiff in error.

*Johnson Nickens, Attorney-General,* for defendant in error.

By the COURT:

The judgment in this case is affirmed — the court holding that while the question asked the witness Anderson as to whether or not he was drunk, was proper cross-examination ; yet, there was no reversable error, as he was permitted to answer the question in effect at another time.

The objectionable remarks of the attorney for the prosecution to the jury are not saved by the record so as to be reviewed by this court. All concur, except TEMPLETON, J., not sitting, and CROFOOT, J., not voting.