## COMMONWEALTH *vs.* HOLDER A. TRIPP.

Bristol.    November 21, 1892. — January 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Communications by Counsel — Witness under Examination — Discretion of Presiding Justice.*

Communications by counsel, in the presence of the court and jury, with third persons, in order to obtain information to be used in framing questions to a witness under examination are, if so made as to give to the jurors information which may affect their verdict, improper. But the correction and the remedy are to be applied by the presiding justice, in his sound discretion, and the opposing party has no right to insist that the witness shall not be further examined upon that branch of his testimony. In any event, the presiding justice is not required to exclude the subsequent testimony of the witness, or to strike it out upon request. The proper remedy is an instruction to disregard what has happened, if it has come to the attention of the jury, and to consider only the actual evidence in the case; or a discharge of the jury, if, in the opinion of the presiding justice, what has happened was of such a nature that they must be influenced by it.

INDICTMENT for keeping and maintaining a common nuisance, to wit, a tenement in Freetown, used for the illegal sale and keeping of intoxicating liquors from June 1, 1891, to August 1, 1891.

At the trial in the Superior Court, before *Bond*, J., the Commonwealth called William T. Pierce as a witness, who testified that on Sunday, July 5, 1891, he bought of the defendant, at his store in Freetown, a bottle of lager beer. Counsel for the Commonwealth then asked him if he had ever seen any intoxicating liquor about the premises, or if he had ever seen the defendant receiving or carrying any at his store in Freetown. The witness answered that he had not. Counsel for the Commonwealth then asked the witness whether or not this morning on the cars coming over from Fall River, in conversation with one Marvel, he did not say to him, that during the month of July he frequently saw Tripp coming out of his house with a tray and glasses of lager beer, carrying them to the other side of the street. This question was objected to because, as counsel for the defendant stated to the court, the district attorney had asked Marvel, who sat near him within the bar, in a tone sufficiently loud for the

jury to hear, " When did he tell you and where?" and that Marvel had replied in as loud a tone, " On the cars this morning." The court allowed the question to be answered, and the defendant duly excepted thereto. The witness then answered, " I do not remember saying so. I don't think I said any such thing as that." The district attorney then asked the following question · " Did you say to Marvel, this morning on the cars, that you saw him go across from the house carrying bottles?" The witness answered, " I never saw him carrying them across the street. I might have seen him carrying out bottles and putting them in his team. I cannot say what kind. I was so far off I could not see. I should think cases of lager beer bottles. I have seen him carrying them away two or three times, two or three cases at a time. I have seen him carrying them away three or four times." The defendant objected to the counsel for the Commonwealth questioning Marvel and to Marvel's reply in the manner above described, that it was irregular and improper in the conduct of the trial, and also objected to the question asked the witness Pierce, claiming that the whole proceeding was irregular and improper, and asked to have the whole matter stricken out. The court overruled the objection. The Commonwealth did not call Marvel to contradict Pierce. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. W. Cummings*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth, did not care to be heard.

BARKER, J. It often occurs in trials that counsel have occasion to communicate, in the presence of the court and jury, with third persons, in order to obtain information to be used in framing questions to a witness under examination. If such communications are so made as to give to the jurors information which may affect their verdict, that course is improper. But the correction and the remedy are to be applied by the presiding justice, in his sound discretion, and the opposing party has no right to insist that the witness shall not be further examined upon that branch of his testimony. It does not follow from the statements of the bill of exceptions that in the present case the jury in fact heard the conversation between the district attorney and the person of whom the inquiry was made. The presiding justice had an

opportunity to judge of his own knowledge whether or not the jury in fact heard, and he may have overruled the defendant's objection because satisfied that the jury did not hear. But in any case he was not required to exclude the subsequent testimony of the witness, or to strike it out upon request. The proper remedy was an instruction to disregard what had happened, if it had come to their attention, and to consider only the actual evidence in the case; or a discharge of the jury, if, in the opinion of the presiding justice, what had happened was of such a nature that they must be influenced by it. The defendant did not ask for a discharge of the jury, and as no exception was taken in connection with the charge, it is to be presumed that all proper instructions were given.

*Exceptions overruled.*