STATE OF MINNESOTA vs. CHARLES B. JUNES.

Submitted on briefs Nov. 20, 1893.   Reversed Nov. 29, 1893.

No. 8544.

**Misspelling names disregarded if not misleading.**

The names Johnson and Johnston are *idem sonans*, (sounding the same.) Absolute accuracy is not required in spelling names in legal proceedings, especially when the difference in spelling is not misleading.

**Proof of service of notice of appeal.**

Where a county attorney appears in a criminal action, on behalf of the state, before a Justice of the Peace, and the Justice's record shows that fact, an affidavit of the service of a notice of appeal upon such county attorney need not designate him as such county attorney if in fact he held such office at the time of the service of such notice.

Appeal by defendant, Charles B. Jones, from a judgment of the District Court of Becker County, *D. B. Searle*, J., entered August 28, 1893.

Complaint was made June 14, 1893, by Eli Holder before W. W. Rossman, a Justice of the Peace at Detroit, that defendant did on June 1, 1893, at the Township of Burlington obstruct a public highway on section eleven (11) in that Township by building a fence therein. A warrant was issued, defendant was arrested, plead not guilty, waived a jury, was tried, convicted and sentenced to pay a fine of $5 and costs, taxed at $21. On June 16, 1893, defendant filed an affidavit for appeal and gave bond with sureties. He also on the same day served notice of appeal upon C. M. Johnston, County Attorney, and made affidavit thereof and filed the notice and proof of service with the Justice. In the notice and in the proof of service the letter "*t*" was dropped from the attorney's name. He was not described in the proof of service as being County Attorney. The Justice made return to the District Court. On August 15, 1893, that Court on motion of the County Attorney dismissed the action for these defects and judgment of dismissal was entered. From that judgment defendant appeals.

*Warner, Richardson & Lawrence* and *E. C. Campbell*, for appellant.

Where two names have the same original derivation, or where one is an abbreviation or corruption of the other, but both are taken promiscuously, and according to common usage to be the same though differing in sound, the use of the one for the other is not material misnomer. *Gordon* v. *Holiday*, 1 Wash. C. C. 285; *Wilkerson* v. *State*, 13 Mo. 91; *Edmundson* v. *State*, 17 Ala. 179; *State* v. *Johnson*, 26 Minn. 316; *Robson* v. *Thomas*, 55 Mo. 582.

The application of the doctrine of *idem sonans* has been of late years much extended, and now the courts hold that a variance, to be material, must be such a one as has misled the opposite party to his prejudice. *Stevens* v. *Stebbins*, 3 Scam. 25; *Belton* v. *Fisher*, 44 Ill. 32; *Trimble* v. *State*, 4 Blackf. 435; *Myer* v. *Fegaly*, 39 Pa. St. 429; *Cutting* v. *Conklin*, 28 Ill. 506; *Barnes* v. *People*, 18 Ill. 52; *McDonald* v. *People*, 47 Ill. 533; *Belton* v. *Fisher*, 44 Ill. 32; *Galveston, H. & S. A. Ry. Co.* v. *Daniels*, 1 Tex. Ct. App. Civ. 695; *Miltonvale State Bank* v. *Kuhnle*, 50 Kans. 420; *Chiniquy* v. *Catholic Bishop of Chicago*, 41 Ill. 148; *Guertin* v. *Mombleau*, 144 Ill. 32; *Rivard* v. *Gardner*, 39 Ill. 125; *Lane* v. *Innes*, 43 Minn. 137; *State* v. *Sannerud*, 38 Minn. 229; *State* v. *Timmens*, 4 Minn. 325; *Newton* v. *Newell*, 26 Minn. 529.

The affidavit was made and filed during progress of the litigation and consequently its language was to be interpreted by the company it kept. Nothing short of a positive affidavit of no service should have been regarded as sufficient to warrant belief that the C. M. Johnson mentioned in the affidavit of service referred to any person other than the County Attorney. *Bandy* v. *Chicago, St. P., M. & O. Ry. Co.*, 33 Minn. 380; *Conklin* v. *Keokuk*, 73 Ia. 343.

*H. W. Childs*, Attorney General, and *C. M. Johnston*, for respondent.

The District Court followed the precedents laid down by this Court and gave the statute regulating appeals the same construction that this Court has put upon it, and held that the filing of an affidavit showing that the notice of appeal had been served upon the County Attorney, or in his absence upon the Clerk of the Dis-

·trict Court, was a jurisdictional prerequisite, and that in the case at bar the terms of the statute had not been complied with. *Stolt* v. *Chicago, M. & St. P. Ry. Co.*, 49 Minn. 353.

The names "C. M. Johnson" and "C. M. Johnston" are not *idem sonans*. *King* v. *Shakespeare*, 10 East, 83; *Rex* v. *Calvert*, 2 Cromp. & M. 189; *Wittwell* v. *Bennett*, 3 B. & P. 559; *Atwood* v. *Landis*, 22 Minn. 558.

BUCK, J. Upon complaint made before a Justice of the Peace a warrant was issued, and the defendant, Jones, was arrested upon a charge of obstructing a public highway. He was convicted, and fined $26, including costs, and judgment rendered against him for that amount. The Justice certifies that upon the trial in his court the county attorney, C. M. Johnston, appeared for the state. From this judgment Jones appealed to the District Court of Becker county, in this state. The notice of appeal is directed to W. W. Rossman, the Justice before whom the cause was tried, and to C. M. Johnson, county attorney. The true name of the county attorney is C. M. Johnston, as appears from the record.

On the opening day of the general term of the District Court of Becker county in July, 1893, C. M. Johnston, appearing as such county attorney in behalf of the state, moved that the appeal be dismissed on the ground that it appeared from the affidavit of service of notice of appeal to the District Court that said notice had been served upon C. M. Johnson, and not upon C. M. Johnston, county attorney, which motion was resisted by the defendant. The court, however, granted the motion. There was no dispute but what the notice was in fact served upon C. M. Johnston, the county attorney, but he then insisted, and now insists, that his surname should be spelled with a "t," and that he should have his official title, "County Attorney," attached to his name. The rights of a citizen and his personal liberty are sought to be determined upon these technical and whimsical objections. It is a familiar rule that absolute accuracy is not required in spelling names in legal proceedings, and great latitude is tolerated by the courts in cases where the difference in spelling is not misleading. In *Robson* v. *Thomas*, 55 Mo. 581, it is stated as the law: "It matters not how the names are spelled,—what their orthography is. They are *idem sonans*

within the meaning of the books if the attentive ear finds difficulty in distinguishing them when pronounced, or common and long-continued usage has by corruption or abbreviation made them identical in pronunciation." In the very recent case of *Miltonvale State Bank* v. *Kuhnle*, 50 Kan. 420, (31 Pac. Rep. 1057,) it was said by the court that "it would take a practiced ear to detect the difference in the sound of Johnston and Johnson as ordinarily pronounced by the generality of mankind," and it was held that these names were *idem sonans*. No one could possibly be misled in this case, and it is not claimed that any one was misled in any particular. There is no merit in this point, and it is overruled without further discussion.

The next point is this: That the affidavit of the service of notice does not show that it was served upon C. M. Johnston, county attorney, the latter words being omitted from the affidavit of service.

The record shows that C. M. Johnston was county attorney, and appeared as such on the trial of this action in the Justice Court, June 15, 1893, and appeared as such county attorney in the District Court in the month of July, 1893, and moved to dismiss this action. It is fair to presume, then, that he was county attorney during the time between those dates, and that he was such county attorney on the day when the notice of appeal was served upon him, viz. June 16, 1893. It is not claimed that proper notice of appeal was not duly served upon him, but that the proof does not show this fact. An act of congress authorized the service of process upon any director of a railroad company, and the marshal made return that he had served process on "J. S.," reputed to be one of the directors of the company; but the record showed that he was a director before that time, and, in the absence of proof to the contrary, it was held that it would be presumed that the relations existed when the summons in the case was served. *Railroad Co.* v. *Brown*, 17 Wall. 445.

The respondent cites various authorities to sustain his position that the filing of an affidavit showing that the notice of appeal had been served upon the county attorney is a jurisdictional proceeding. *Stolt* v. *Chicago, M. & St. P. Ry. Co.*, 49 Minn. 353, (51 N. W. Rep. 1103,) and cases cited. But we think that it was not necessary to add the words "county attorney" after his name in

the affidavit of the service of notice of appeal upon him, such official designation not being necessary, as such service was made upon the county attorney in fact. Besides this, the cases cited were proceedings in civil, not criminal, actions. In appeals from a justice's court in a civil action, the terms of the statute that the original notice of appeal with proof of service thereof shall be filed with the Justice who rendered the judgment appealed from within ten days after such service is made, do not appear in the title relating to criminal actions. The only absolute prerequisite for the allowance of appeal from a conviction and judgment in a criminal action in a Justice's court are that a proper recognizance be executed, and that a notice of appeal be served upon the county attorney, stating the grounds of appeal. Upon compliance with these provisions the Justice must allow the appeal. As to how or when such proof of the service of notice of appeal is to be made, or when or where the same is to be filed, the law is silent. The notice of appeal must be served within ten days after conviction. As to what constitutes such proof—whether oral proof or by affidavit—does not appear, unless by implication or presumption; nor is it necessary for us to decide what would be a necessary and proper proof required by statute in such cases, nor when or where the same is to be filed, as we only refer to this phase of the case to show that the imperative terms as to filing the notice of appeal and proof of service thereof with the Justice are not used in the law in regard to appeals in criminal cases as in civil cases. The proof of service was satisfactory to the Justice who allowed the appeal, as C. M. Johnston appeared as such county attorney before him in behalf of the state, and tried the case, and courts take judicial notice of who are the county officers in their own county. There was a substantial and legal compliance with the law on the part of the defendant in perfecting his appeal, and the attempt to deprive a citizen of a fair trial upon a criminal charge upon such technical grounds is not commendable.

The judgment rendered in the district court in this case against the defendant is reversed.

(Opinion published 56 N. W. Rep. 1068.)