## STATE v. HOLBURN.

There is no fatal variance between an indictment alleging "Thomas Watson" to be one of the owners of the stolen property, and evidence that "Thomas Wasson" was such owner.

Though the name of the witness indorsed on the indictment was "Thomas Watson," it was not error to allow "Thomas Wasson" to testify; there being no claim, on objection to him, that defendant was surprised or prejudiced by his being called, except as it might be inferred from the claim that no notice had been received that he was to be called, it appearing that he was more generally known as "Watson" than as "Wasson," and defendant in testifying to a conversation with him speaking of him as "Watson."

Defendant, not having asked the court to do so, may not complain that it did not advise the jury that it was misconduct for the state's attorney to ask a certain question of defendant's witness.

The calling out, by the question of the state's attorney, on cross-examination of defendant, as to whether that was the only time he was in trouble, of the answer, "That wasn't all the trouble I have had," not indicating the nature or class of trouble, was not prejudicial.

There being evidence that, in the case to which defendant was being prosecuted, he attempted to buy off witnesses for the state, so that the only part of the statement of states' counsel in argument, "This is one of the instances where defendant could not buy off the witnesses and save the prosecution," which was unjustied, was the part implying that at some previous time he had bought off witnesses, he could not predicate error thereon without asking for a ruling as to the propriety thereof or for an instruction that the jury disregard it.

Defendant, not having at the time asked for some action by the court, cannot complain that during recess the state's attorney asked the court, in the presence of some of the jurors, to have defendant's father, a witness for him, **held** for contempt, because of improper language in regard to the case that he had just used in the presence of two jurors, to which the court said that it thought it better to wait till after the trial, and defendant's counsel said that he would see that the witness remained.

(Opinion filed, May 7, 1909.)

Appeal from Circuit Court, Hughes County. Hon. LYMAN T. BOUCHER, Judge.

Harry Holburn was convicted, and appeals. Affirmed.

See, also, 22 S. D. 425, 118 N. W. 704.

*Byron S. Payne,* for appellant. *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen.,* and *L. L. Stephens, State's Attorney,* for respondent.

WHITING, J. The appellant herein was convicted in circuit court of the crime of grand larceny and has appealed to this court from the judgment of conviction and order denying a new trial. It was charged in the indictment that at the time and place mentioned he did steal one certain gelding, described in said information, which gelding it was alleged was the property of Charles Hurlburt and Thomas Watson. No question is raised as to the sufficiency of the information, except certain questions raised concerning the name "Thomas Watson" as it appeared on said indictment, and as it also appeared indorsed on said indictment as the name of one of the witnesses sworn and examined before the grand jury.

There are several assignments of error relied upon by the appellant; one of them claiming that the evidence was insufficient to justify the verdict. A statement in full of the evidence herein would serve no useful purpose, and in disposing of this assignment we will only state that in our opinion there was ample evidence received herein to support the verdict of the jury.

The appellant assigns as error the receiving, by the court, of the testimony of one Thomas Wasson; such testimony being received over the objection of such appellant, the said objection being because the name of such witness was not indorsed on the indictment, and appellant claiming that he had no notice of his being called until that time. Another assignment of error is based upon the alleged variance between the evidence and the allegations of the indictment, in that the indictment alleges "Thomas Watson" to be one of the owners of the stolen property, while the evidence would tend to show "Thomas Wasson" to be such owner. We will consider these two assignments together. The appellant in objecting to the witness Wasson did not claim that he was surprised or in any way prejudiced by his being called, except as such surprise and prejudice might be inferred from his claim that he had received no notice that such witness was to be called. It appeared overwhelmingly by the witnesses that, while this party's name was "Wasson," he was quite generally known as "Watson"; in fact, judging from the name used by different witnesses in referring to this person, it would appear that he was more generally known as

"Watson" than as "Wasson." It also appears from his own testimony that in the vicinity in which he was living and had been living he was commonly known by the name of "Watson." Furthermore, if there could be any question as to whether or not the appellant was either surprised or prejudiced by the court's allowing Wasson to testify, such question, it would seem, was entirely removed by the words of the defendant himself, wherein, in referring to this party, he referred to him as Watson when speaking of a conversation he had with him, using this name Watson three different times when referring to such witness. Appellant refers to certain South Dakota cases claiming they support his assignment of error; but none of them in our opinion bear upon the question herein, unless it may be the case of State v. Phelps, 5 S. D. 480, 59 N. W. 471, and to our mind what was therein stated by the learned justice writing such opinion directly supports the trial court herein. We think the following authorities fully and directly sustain the trial court: People v. Leong Quong, 60 Cal. 107; State v. Blakely, 83 Minn. 432, 86 N. W. 419; State v. Jones, 55 Minn. 329, 56 N. W. 1068; Bennett v. State, 62 Ark. 516, 36 S. W. 947.

The other assignments of error relied upon by appellant are treated in his brief under the one heading or ground of misconduct of the state's attorney. In order to see the situation of appellant in this court under these assignments, it is necessary to notice the condition of the record, as errors, if any, must be presented to this court from the same view point as they were presented to the trial court upon the motion for new trial.

During the course of the trial one James Holburn, father of the defendant, was called as a witness on behalf of his son, and upon cross-examination he was asked the following question: "Mr. Holburn, you have been a witness for your son before, haven't you, in matters where he has gotten into trouble?" This question was objected to, among other grounds, on the ground that it was asked to "prejudice the jury." There was no request made of the court asking that it instruct the jury not to consider this question, or asking it to advise the jury that such question was improper. In fact, there was no record upon the trial in relation to this matter, except as above. The abstract shows that error was not assigned

in the asking of the question by the state's attorney, but the appellant says: "The court erred in not advising the jury that the state's attorney was guilty of misconduct in their presence when he propounded the * * * question to the witness James Holburn." If the appellant considered that this matter was of enough importance that he desired the jury advised in relation thereto, he should have requested such advice.

The next assignment of error treated under the head of misconduct of state's attorney is based upon the following facts: Upon cross-examination of appellant he was asked, after he had given his version of the facts of this case: "Was that the only time that you were in trouble, Mr. Holburn?" This question was objected to, as follows: "I object to that as not proper cross-examination and incompetent." Objection was overruled, exception taken, and appellant answered: "No sir; that wasn't all the trouble I have had." The error assigned in the abstract is to the overruling of the objection to the above question. It will be noticed that upon the trial there was no claim of misconduct on the part of the state's attorney in asking this question, although it is presented under that heading here; but, considering the question and ruling on the grounds appearing in the abstract, can it be said that the calling out of this answer, which in no way whatever indicates the nature or class of trouble, in any manner prejudiced the defendant? We think not.

The next assignment of error relied upon by appellant under this heading of misconduct of state's attorney is based upon the following facts: During his argument to the jury, the state's attorney made the following statement: "This is one instance where Harry Holburn could not buy off the witnesses and save the prosecution." And then the assignment is as follows: "To which statement the defendant by his attorney at the time duly excepted, and the court failed or neglected to charge the jury in relation thereto, and the same is here relied upon as error, prejudicial to the defendant." From a reading of this assignment of error it would appear that the only thing assigned as error was the failure and neglect of the court to charge the jury in relation thereto, and this assignment might well be disposed of, the same as the first assignment under

this heading, upon the ground that the trial court was never asked to instruct the jury in relation thereto; but, if there is sufficient to present to this court the question of whether or not the statement was improper and prejudicial, then it becomes material to inquire into the evidence to see what basis, if any, there was for this statement.

Both Hurlburt and Wasson as witnesses swore to the fact that the appellant tried to settle this matter with them by paying for the horse. alleged to be stolen, and their evidence was corroborated by one other witness on the part of the state, and somewhat by the evidence of the appellant. The appellant admitted that he tried to settle, but claims it was upon his father's advice, and not because he was guilty, but that he might save expenses and also get away to the Black Hills country, where he had a job waiting. It would therefore appear that there was evidence to warrant an inference that in this case the appellant had tried to buy off two of the witnesses for the state, namely, the owners of the property in question. The evidence shows that this offer of settlement was after appellant was arrested. Therefore the only part of the attorney's statement which could be claimed to be unjustified is the part which might be construed as implying that at some previous time the defendant had bought off witnesses. Was this prejudicial error, and can it be taken advantage of where appellant failed to ask that the jury be charged in relation thereto? We are satisfied that under the authorities, if appellant desired to predicate error upon such remarks of counsel, he should have asked for a ruling as to the propriety of such remarks, or asked the court to instruct the jury to disregard the same. Then, if the court either sanctioned the language ruled or refused to instruct the jury to disregard the same, such act or refusal of the court could be brought to the attention of the court upon appeal. 12 Cyc. 585; Territory v. Collins, 6 Dak. 234, 50 N. W. 122; Bradshaw v. State, 17 Neb. 147, 22 N. W. 361; State v. Biggerstaff, 17 Mont. 510, 43 Pac. 709; notes to People v. Fielding, 46 L. R. A. 641. We do not wish to be understood that in all cases prejudicial remarks will be no grounds for reversal, if the trial court advise the jury to disregard the same. There

may well be cases where a prosecuting attorney may persist in such remarks, and by such persistence render the trial court unable to cure the evil by instruction; but such a case is not presented by the record. It therefore becomes unnecessary for us to consider whether the words used could have in any manner prejudiced the defendant.

The only other assignment of error brought to our attention grows out of the following facts: After the evidence was all in, and during a recess prior to arguments of counsel to the jury, the state's attorney came into the courtroom and in the presence of some of the jurors said to the trial judge: "Your honor, I ask to have the witness James Holburn held for contempt of court. I have just heard him using improper language with reference to this case in the presence of two of the jurors in the hall." The court responded: "I am willing to take the matter up with you, but think I had better wait until the case on trial is disposed of." The state's attorney replied: "Very well, your honor, but in that case I ask to have him committed to the custody of a bailiff until we can take the matter up." The counsel for appellant then stated: "I ask the court not to take any steps of that kind, as it might prejudice my client, and I do not want him to suffer for what his father had done. He will not get away, and I will see that he remains in the courtroom, if that will be satisfactory to you, Mr. Stephens." To which statement the state's attorney responded: "That is all I want." It does not appear that either counsel asked the court to advise the jury either to disregard the conduct of the witness James Holburn, or to disregard what took place before part of the jury as above recited. It would seem to us that, if either side had cause for complaint, it was the state. If the conduct of this witness was improper, it must have been conduct directed against the state. We can see nothing in what took place between the court and these attorneys that would warrant this court in reversing this cause. If counsel for appellant thought his client was prejudiced by what occurred, and that the injury could be cured by advise given the jury by the court, he should have asked for such advise. If he thought such injury could not be cured, he should have asked the court to discharge such jury and grant a new trial.

Without asking for some action at that time, he is in no position to complain now. In speaking of misconduct of prosecuting attorney before the jury, which misconduct consisted in talking with a party, not then a witness, in tones loud enough so that the jury could hear the words used, both questions and answers, and which answers were on a point very material to the examination of a witness then on the stand, the Supreme Court of Massachusetts, in the case of Commonwealth v. Tripp, 157 Mass. 514, 32 N. E. 905, said, as regards what would be a proper remedy: "The proper remedy was an instruction to disregard what had happened, if it had come to their attention, and to consider only the actual evidence in the case, or a discharge of the jury, if, in the opinion of the presiding justice, what had happened was of such a nature that they must be influenced by it. The defendant did not ask for a discharge of the jury, and, as no exception was taken in connection with the charge, it is presumed that all proper instructions were given." We heartily indorse the above.

Finding no reversible error, the judgment of the trial court and order denying a new trial are affirmed.