## STATE, Respondent, v. ROBY, Appellant.

### (206 N. W. 925.)

(File No. 5207.   Opinion filed January 9, 1926.)

1.  **Criminal Law—Trial—State's Attorney—Trial Court May Permit Additional Counsel to Help State's Attorney at Latter's Request or with His Consent.**
    Trial court, in its discretion, may permit additional counsel to help state's attorney at latter's request or with his consent.

2.  **Criminal Law—State's Attorney—Permitting Additional Counsel to Assist State's Attorney Not Ground for Reversal, in Absence of Prejudice to Defendant.**
    Permitting additional counsel to assist state's attorney in prosecution, held not ground for reversal of conviction, where record showed nothing said or done by such counsel during trial that resulted in prejudice to defendant.

3.  **Rape—Evidence—Trial—Admission in Evidence of Other Acts of Intercourse Before That Charged Held Not Error.**
    In rape trial, admission in evidence of other acts of sexual intercourse between defendant and prosecutrix before that charged held not error.

4.  **Criminal Law—Information—Trial—Admission of Testimony of Sheriff, Whose Name Was Not Placed on Information Until Beginning of Trial, Held Not Available Error.**
    Admission of testimony by sheriff, whose name was not placed on information until beginning of trial, held not available error, in absence of request by defendant for continuance.

5.  **Criminal Law—Confessions—Admission of Sheriff's Testimony as to Voluntary Admissions of Guilt by Defendant While in Custody Not Error.**

Admission of sheriff's testimony as to admissions of guilt by defendant while in custody held not error, where record showed that they were entirely voluntary.

6. **Criminal Law—Confessions—Admission of Sheriff's Testimony in Third Person as to Admissions of Guilt by Defendant Held Not Prejudicial.**

Admission of sheriff's testimony as to admissions of guilt by defendant held not prejudicial error, because partially narrated in third person instead of defendant's language.

7. **Criminal Law—Trial—Sheriff's Testimony as to Defendant's Statement that Date of Offense as Given in Information Was Wrong Held Not Prejudicial.**

Admission of sheriff's testimony as to defendant's statement that date of alleged offense as given in information was wrong held not prejudicial to defendant, especially in view of sheriff's further testimony as to statements tending to reduce damaging effect of other parts of conversation testified to.

8. **Criminal Law—Instructions—Refusal of Instructions Not Considered, Where Charge Given Is Not Before Court.**

Refusal of requested instructions will not be considered, where charge given is not before Supreme Court.

Appeal from Circuit Court, Fall River County; Hon. JAMES McNENNY, Judge.

Dan K. Roby was convicted of rape of female under age of 18, and appeals. Affirmed.

*Chas. S. Eastman* and *E. B. Adams,* both of Hot Springs, for Appellant.

*Byron S. Payne,* Attorney General, and *Ray F. Drewry,* Assistant Attorney General, for the State.

(1) and (2) To points one and two of the opinion, Appellant cited: State v. Moreaux, 254 Mo. 398; State v. Johnson, 24 S. D. 590.

Respondent cited: 18 C. J. 1336, Sec. 84; 22 R. C. L. 93; State v. Shreves (Ia.), 117 N. W. 899; Browner v. State, 55 Tex. Cr. 416, 116 S. W. 798; Peterson v. County, 133 Minn. 343; 158 N. W. 605.

GATES, P. J. Defendant was charged and convicted of the crime of rape of a female under the age of 18 years. He appeals from the judgment and order denying new trial. While there are many assignmnts of error, the only propositions argued are those hereinafter referred to.

[1, 2]   At the beginning of the trial it appeared that, with the consent of the state's attorney, Messrs. W. B. Dudley and W. A. Guilfoyle were in attendance to assist in the prosecution. Counsel for defendant objected to such assistance. The trial court overruled the objection. The question before us does not involve the regularity of their employment by the county board; nor the supplanting of the state's attorney (State v. Flavin, 35 S. D, 530, 153 N. W. 296, Ann. Cas. 1918A 713), nor the question whether they can receive compensation. We know of no reason why, at the request or consent of the state's attorney, the trial court may not in its discretion permit additional counsel to help the state's attorney. 32 Cyc. 720. At any rate nothing was said or done by the additional counsel during the trial, so far as is disclosed by the record, that resulted in any prejudice to defendant.

[3]   Appellant complains of the admission in evidence of other acts of sexual intercourse between him and the prosecuting witness prior to the act charged. We find no error in the rulings. State v. Sysinger, 25 S. D. 110, 125 N. W. 879, Ann. Cas. 1912B, 997; State v. Rash, 27 S. D. 185, 130 N. W. 91, Ann. Cas. 1913D, 656; 22 R. C. L. 1205.

[4]   It is urged that the court erred in permitting evidence to be given by the sheriff, on the ground that his name was not placed upon the information, and that notice was not given to defendant that he would be called as a witness. The name of the sheriff was placed upon the information at the beginning of the trial, and explanation was made why it was not sooner done. The defendant did not ask for a continuance. We think the situation in this case was fully covered by the decision in State v. Cherrington, 34 S. D. 562, 149 N. W. 421.

[5]   Appellant largely relies upon the alleged error in permitting the sheriff to relate admissions of guilt made by him while in custody. The precise points made in regard thereto are three, and are stated as follows:

"(1)   That the statement so made to the sheriff by the defendant is shown by the record to have been made while the defendant was in the custody of the sheriff in the county jail; that he had asked the sheriff for advice, and for these reasons was not a voluntary statement of the defendant.

"(2) The record discloses that the testimony of the witness Batchelor, in narrating such a statement of the defendant, was not given in the. language of the defendant, not stating just what the defendant said, but stating in the language of the witness the impression that was conveyed to his mind by the statement of the defendant, and

"(3) If the testimony of the witness correctly interpreted the language of the defendant used in such conversation, then it referred to and was an admission of an offense, other than the act alleged in the information, or the one which the state seeks to prove as occurring on October 31, 1921, and was therefore incompetent, and the court erred in permitting it to go to the jury."

[6, 7] There is nothing whatsoever to the first point. The record shows that the admissions were entirely voluntary. As to the second point, it appears that the court repeatedly tried to have the sheriff use appellant's language. The admissions are hereinafter set forth, except that we substitute equivalent words for an unprintable word therein. We do not think that the partial narration in the third person could have prejudiced appellant. As to the third point, the testimony given by the sheriff was as follows:

"He said he got into trouble with Len Ellis' daughter over there, he says, 'I had taken and [had sexual intercourse with] her,' and says, 'I am guilty as hell and I don't want any notoriety for the girl and I want your advice as to what would be the best thing to do;' I told him that I didn't know as I was able to offer him any advice; I didn't know what he intended to do. He said that he wanted to be taken before the court and plead guilty and take his medicine. I informed him it would be necessary that he be taken first before the justice and he would waive examination and then he would be taken before the circuit court. He said he wanted to do that just as quickly as possible."

The further admissions as testified by the sheriff occurred two or three days later, and were as follows:

"He says, 'Don't serve those subpoenas;' he says, 'I don't want to cause any disturbance or cause this girl any embarrassment at all;' he says, 'I am willing to plead guilty;' and he says, 'You don't want to take those subpoenas over to Edgemont;' he says, 'I will just take and plead guilty before the judge and get

taken up before him as soon as possible.' I informed him that court would be in session on the following week, I believe, he said he didn't want to wait that long; he would rather that he be taken up to Rapid City before the judge. * * *

"He said, 'What was the date that they had in that information;' I told him as near as I remembered. He says, 'They have got them dates wrong;' he says, 'I didn't [have sexual intercourse with] that girl on that night;' he says, 'They are off on that;' he says, 'Her folks seem to think she is pregnant, but,' he says, 'they are wrong, because she come into the store this morning and told me she come around."

We think the part of the latter conversation after the asterisks might well have been stricken. The date of the offense charged in the information was November 1 while the date relied upon at the trial was October 31, but we do not think the jury could have been prejudiced by the ruling. If anything, it occurs to us that the latter part of the second conversation would tend to reduce the damaging effect of the two former portions of the conversation rather than fortify it.

[8] Finally error is claimed in refusing to give the jury two requested instructions. Inasmuch as the charge as given is not before us, we must decline to consider the point, Peterson v. Miller, 33 S. D. 397, 146 N. W. 585.

So far as shown by the record, the defendant had a fair trial.

The judgment and order appealed from are affirmed.

Note.—Reported in 206 N. W. 925. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 639(2), District and Prosecuting Attorney, 18 C. J. Sec. 79; (2) Criminal law, Key-No. 1166½(1), 17 C. J. Sec. 3627 (Anno.); (3) Rape, Key-No. 40(2), 33 Cyc. 1483; (4) Criminal law, Key-No. 1035(2), 16 C. J. Sec. 2027; (5) Criminal law, Key-No. 406(3), 16 C. J. Sec. 1247; (6) Criminal law, Key-No. 409, 16 C. J. Sec. 1243; (7) Criminal law, Key-No. 1169(12), 17 C. J. Sec. 3662; (8) Criminal law, Key-No. 112(5), 17 C. J. Sec. 3465.