STATE, Respondent, v. PRAY, Appellant.

(241 N. W. 745.)

(File No. 7253. Opinion filed March 29, 1932.)

*M. M. McKee,* of Rapid City, for Appellant.

*Turner M. Rudesill,* of Rapid City, *M. Q. Sharpe,* Attorney Gen' al, and *Frank W. Mitchell,* Assistant Attorney General, for the State.

PER CURIAM. Defendant appeals from the judgment entered upon a verdict finding him guilty of grand larceny, and purports to appeal also from a denial of his motion for new trial.

Application for new trial upon the ground of insufficiency of the evidence must be made either upon settled record or the minutes of the court. Section 2556, Rev. Code 1919. In the instant case motion for new trial was made on January 5 and denied on January 24, but specifications of error as to the insufficiency of the evidence were not filed or served until April 30, and the record was not settled uptil May 16. There was nothing upon which the trial court could act at the time the motion for new trial was made, so far as concerns any question of the sufficiency f the evidence. The matter stands, therefore, as though no motion or new trial had been made, and the sufficiency of the evidence is ot subject to review by this court.

Certain errors in excluding testimony are urged, and, inasmuch as a settled record is in fact before this court, the pro-

priety of such ruling is probably for consideration upon appeal from the judgment only. Fuller v. Harms Supply Co., 54 S. D. 492, 223 N. W. 713. It appears from the record, however that the same witness was subsequently permitted to answer in effect the questions which appellant claims it was error to refuse to permit him to answer. It follows, therefore, that the error, if any, was without prejudice. Territory v. Collins, 6 Dak. 234, 50 N. W. 122.

The sufficiency of the evidence not being reviewable upon this record, and the other assignments showing no prejudicial error, the judgment appealed from is affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.