STATE, Respondent, v. JERKE, Appellant

(38 N. W.2d 874)

(File No. 9043. Opinion filed September 6, 1949)

**Lars A. Bruce,** Yankton, for Defendant and Appellant.

**Sigurd Anderson,** Atty. Gen., **William J. Flittie,** Asst. Atty. Gen., **Lee H. Cope,** State's Atty. Yankton, for Plaintiff and Respondent.

HAYES, J. Defendant was arrested for public intoxication and taken into custody by the sheriff of Yankton County. The arrest was made as a result of oral complaints to the sheriff and to a highway patrolman to the effect that a motor vehicle of a specific make and color and bearing a certain license number issued in this state was being driven in a reckless manner on U. S. Highway 81 north of the City of Yankton. On the day following the arrest a preliminary complaint was made before a justice of the peace charging the defendant with reckless driving as defined by SDC 44.-9921. This complaint fixed points along said highway between which the offense is alleged to have been committed. Upon this complaint and an accompanying affidavit, purporting to have been made before a justice of the peace in Yankton County, a warrant was issued for the arrest of defendant upon said charge and he was thereupon presented before the magistrate for a hearing. From the justice's docket it appears that defendant, after being advised of his rights, waived preliminary hearing and was held to answer the charge at the next term of circuit court. He appeals from rulings of the trial court made before, at and subsequent to a jury trial which resulted in his conviction of reckless driving as charged in the information. Amplifications of this statement will be made as we review the points presented and argued under the assignments of error. We have chosen to review the claimed errors in the order in which they appear in the settled record.

The body of the information upon which defendant was tried is as follows: "That on or about the 9th day of May, 1948, in the County Yankton and State of South Dakota, the defendant, Leon Jerke, did then and there wilfully, wrongfully and unlawfully drive and operate a motor vehicle, to-wit: a 1946 Ford Tudor automobile, 1948 License No. 34-2304, upon the public highways of Yankton County, South Dakota, carelessly and heedlessly in wilful

and wanton disregard of the rights and safety of others and without due caution and circumspection and in a manner so as to endanger the person and property of others." At the time set for defendant's plea to this information his counsel moved to quash the same upon the ground that defendant had not had a preliminary hearing before the information was filed. In support of this motion defendant contends that the information embraces and constitutes a substantial departure or variance from the charge contained in the complaint. As noted above, the preliminary complaint fixed specific points between which the reckless driving is alleged to have occurred on U. S. Highway 81 in Yankton County whereas the information does not set forth the exact place in the county where the offense was committed.

In charging the offense of reckless driving our code requires no specification of particular place. It must, of course, appear that the crime was committed upon a highway within the jurisdiction of the court in which the prosecution in instituted. SDC §§ 44.9921 and 34.3010(4). Specification of particular place not being essential to a statement of the offense of reckless driving it follows that the failure of the information to include nonessential averments contained in the preliminary complaint is not and could not be a material variance. We see no merit in the motion to quash and conclude that the same was properly denied.

To said information defendant interposed a demurrer upon the ground that the same charges more than one offense. The overruling of said demurrer is the assigned error we next consider. It will be observed that the information incorporates practically all of that part of SDC 44.9921 defining the offense of reckless driving. The element of speed is omitted. Disjunctive definitions of said offense are alleged conjunctively. The opinion of this court in State v. Pirkey, 22 S.D. 550, 118 N.W. 1042, 18 Ann.Cas. 192, is in point and we think conclusively upholds the ruling against defendant's demurrer. It is therein held that when a penal statute mentions several acts disjunctively, and prescribes that each shall constitute the same offense and is subject to the same punishment, an information may

charge any and all of such acts conjunctively as constituting a single offense. Cf. 27 Am.Jur., Indictments and Informations, § 104; 42 C.J.S., Indictments and Informations, § 166. Defendant relies upon State v. Rossman, 64 S.D. 532, 268 N. W. 702. We find in the opinion in that case no support for an assumption that the stated holding in State v. Pirkey, supra, no longer prevails. The insufficiency of the evidence to sustain the verdict is the sole question decided in the Rossman case. Defendant's demurrer was properly overruled.

■ Before proceeding to trial the state's attorney asked leave of court to endorse upon the information the name of a material witness he stated was not theretofore known to him. To this request the defendant objected for the reason that the code, SDC 34.1506, requires that names of witnesses be "attached" to the information. The trial court overruled said objection. In support of his complaint against the ruling of the court defendant argues here that the statute is positive and that had the case been properly investigated the state's attorney would have known of the witness whose testimony he desired to submit if allowed to do so. Defendant does not assail the veracity or good faith of the state's attorney or impute to him anything more than incompetency. With respect to the names of witnesses the statute requires that the state's attorney indorse on the information those only "known to him at the time of filing the same." Nothing in the record indicates an abuse of discretion by the trial court in allowing the requested indorsement and we are satisfied that there was none. Cf. State v. Roby, 49 S.D. 187, 206 N.W. 925; State v. Fulwider, 28 S.D. 622, 134 N.W. 807.

■ Defendant complains of a ruling of the court below denying his motion to strike testimony of the character of hearsay tending to identify him as the driver of the car as first described to the officers. If this ruling was error the same proved to be harmless in view of testimony subsequently received touching the matter of identification. To this testimony we will hereinafter refer in dealing with other points reviewed.

■ A portion of defendant's brief is devoted to what

are claimed to have been violations of provisions of the State and Federal Constitutions by the officers who arrested and questioned him. In answer to a question put to one of the officers by the state's attorney calling for further conversation between the witness and defendant at the time of the arrest the witness volunteered the statement that he found a number of empty beer bottles in the car and asked defendant where he had gotten the beer. The witness proceeded to relate defendant's answer and then explained the result of a more or less casual inquiry of a tavern keeper concerning the kinds or different brands of beer he kept for sale. To testimony relating to beer defendant made a general objection and thereupon moved to strike from the record all evidence about beer. In ruling upon the objection the trial judge stated in open court that the information did not charge intoxication. Counsel for defendant was then granted leave to show that the witness had no search warrant when he looked into the car. There was then no proof before the court that defendant's car had been searched by the officers or either of them. The motion to strike testimony relating to beer and beer bottles was then renewed defendant contending that a search of the car without a warrant therefor was a violation of Article VI, Section 11 of the state constitution. We here note that neither of defendant's motions to strike were predicated upon the grounds that the voluntary statement of the witness about empty beer bottles and beer was not responsive to the question of the state's attorney or that the same tended to prejudice defendant before the jury and to prevent a fair trial upon the offense charged. Having failed to present to the trial court his contention here that the unresponsive narration was or may have been of harmful character we think that we should refrain from discussing the point and should hold that the denial of defendant's motions to strike did not constitute prejudicial error. Cf. State v. Holburn, 23 S.D. 209, 121 N.W. 100; State v. Hanson, 56 S.D. 140, 227 N.W. 571; State v. Christiansen, 46 S.D. 61, 190 N.W. 777; State v. Husman, 66 S.D. 530, 287 N.W. 30.

The other point claimed by defendant to have constituted a violation of the fundamental rights of the accused

was the alleged failure of the sheriff to inform defendant before he was questioned by the officer that he need not answer the officer's questions and that if he did so the answers he gave could and might be used against him. What defendant sought to exclude at the trial was his admission to the sheriff, in the presence of the highway patrolman, that he was the driver of the car the state's witnesses had described to the officers shortly before his arrest. It should be noted here that the highway patrolman, preceding the sheriff on the witness stand, reiterated his statement that the defendant admitted driving the car at or about the time and place of the alleged reckless driving. Defendant made no objection to this testimony of the patrolman. Also the testimony of the sheriff is undisputed that prior to his arrest defendant admitted driving the car earlier in the day. There is no showing of conduct or a statement on the part of the officers, or either of them, which could be regarded as tending to elicit from defendant an involuntary admission or confession of guilt. In fact the record clearly indicates that admissions of defendant were freely and voluntarily given. Admissions so given are altogether competent and proper evidence against an accused. State v. Phelps, 5 S.D. 480, 59 N.W. 471; State v. Roby, supra.

At the close of the state's case defendant moved for a directed verdict. One of the grounds of his motion is that an arrest of defendant for reckless driving was made by the sheriff without a warrant, the offense charged being a misdemeanor and not having been committed in the presence of the officer. The undisputed testimony of the sheriff, however, does not support defendant's assertion that an arrest for reckless driving was made without a warrant. The sheriff testified pointedly that he arrested defendant for intoxication and stated his specific reasons why he concluded that defendant was intoxicated when the officers took him into custody. Had the facts of the case established an illegal arrest we do not understand it to be the position of defendant that such an arrest ipso facto would have granted him absolution for the criminal offense for which he could legally have been held to answer. If such is defendant's view he has failed to sustain it here.

■ ■ Defendant's brief tenders also the question of the sufficiency of the evidence to sustain the conviction. Specifically, defendant asserts here that he was not identified as the driver of the car. In the face of his admissions to the officers we see no merit in the claim of insufficient proof. Further, the motion of defendant for a directed verdict of acquittal for lack of evidence was inadequate and improper as the same did not particularize the claimed deficiency or failure of proof. State v. Kirby, 34 S.D. 281, 148 N.W. 533.

■ At the time set by the court for imposing sentence for his conviction defendant made an oral motion that the court enter judgment of acquittal notwithstanding the verdict of guilty. The invitation to defendant to put his motion in the chosen form was a disclosure during the trial, and before the state had rested its case, that the justice of the peace and sheriff of Yankton County had journeyed to Vermillion in the adjoining county to obtain the sworn signature of the complaining witness to the preliminary complaint. Defendant contends that this irregularity brought about a jurisdictional defect which nullified said complaint and all subsequent proceedings held thereunder. Ch. 210, Session Laws of 1941, grants to a county justice of the peace authority to administer oaths only in the county of his office. The position of the state is that the defect is formal and was waived by defendant when he waived a preliminary hearing and was held for trial in circuit court. With this position we agree.

■ ■ In waiving a preliminary hearing defendant surrendered his first opportunity to learn of the place where the justice undertook to administer the oath. Thereafter he posted bail to assure his subsequent appearance and answer to the charge. He made a motion to quash the information on other grounds, interposed a demurrer, entered a plea of not guilty and went to trial on the merits. After learning of the irregularity at the trial he made no motion challenging the jurisdiction of the court over his person nor did he question the legality or sufficiency of the preliminary complaint. On the contrary, he relied upon said complaint in putting his motion to quash at the out-

set, and as a basis for objections to evidence introduced during the trial. His motion for a directed verdict included not even slight mention of the point he now claims to be of the first moment and decisive of all that is before us in this proceeding. Except for questions otherwise preserved, with full knowledge of the irregularity defendant assumed a position at the trial consistent with a belief that his guilt or innocence of the offense charged was properly to be reflected in the verdict of the jury. Having proceeded as outlined above, we think that defendant waived the faulty oath and verification and that his motion for judgment notwithstanding the verdict was properly refused. Briefs of counsel cite to us no parallel case. Cf. State v. Calkins, 21 S.D. 24, 109 N.W. 515. A case we view as quite in point is State v. Puent, 198 Minn. 175, 269 N.W. 372, 374. Therein defendant contended that the district court did not have jurisdiction to try him on the information because no complaint had been filed and no preliminary examination held. The opinion states: "That one accused of a crime who fails to make timely objection to irregularities in preliminary matters or procedure is deemed to have waived such objections is the view of the majority of courts that have passed on the question. (Citing cases.) Matters, such as a preliminary examination and filing of a complaint in a case such as this, are preliminary matters of procedure within this rule and cannot be seized upon as grounds for setting aside a verdict, where they are not called to the attention of the court until after the jury's verdict has been returned." We subscribe to this declared rule and hold that defendant's motion was not timely put. Cf. 22 C.J.S., Criminal Law, §§ 162, 312 and 327.

Finding no prejudicial error the judgment is affirmed.

All the Judges concur.