STATE, Respondent v. JOHNSON, Appellant

(71 N.W. 2d 733)

(File No. 9517. Opinion filed August 29, 1955)

**Ellsworth F. Wilkinson,** DeSmet, for Defendant and Appellant.

**Phil Saunders,** Atty. Gen.,**George W. Wuest,** Asst. Atty. Gen., **Harold E. Shaw,** State's Atty., DeSmet, for Plaintiff and Respondent.

ROBERTS, J. Defendant was charged with the offense of operating a motor vehicle on September 18, 1954, while

under the influence of intoxicating liquor. The jury found the defendant guilty and he appeals asserting (1) error on the part of the court in permitting the state's attorney to endorse names of witnesses on the information, (2) misconduct of the state's attorney, (3) insufficiency of the evidence to support the verdict, (4) error in overruling motion for continuance, and (5) error in denying motion for new trial on ground of newly discovered evidence.

■ The state's attorney at the call of the calendar on the opening day, December 6, 1954, of the regular term of court asked leave to endorse on the information the names of three additional witnesses. Under the provisions of SDC 34.1506, the state's attorney must endorse on the information the names of those witnesses only who are known to him at the time of filing same. State v. Jerke, 73 S.D. 64, 38 N.W.2d 874. The information had been filed on September 27, 1954, when defendant appeared without counsel for arraignment. At that time defendant in reply to the court's inquiry whether he wished to be represented by counsel answered in the negative, but after the court's explanation to him that counsel would be appointed to defend him if he was unable to employ and desired the assistance of counsel, defendant indicated that he had changed his mind and would not plead guilty and requested the appointment of counsel. After inquiries as to whether defendant was financially able to procure counsel, the court concluded that defendant was entitled to counsel appointed by the court and represented by such counsel defendant appeared for arraignment as we have indicated on the opening day of the next term of court. The defendant having expressed an intention to plead guilty, there was at the time of filing the information no need of the presence of witnesses on the part of the state and it is true, as the state contends, that if defendant had not expressed a desire to plead guilty the state's attorney following the usual practice would not in all probability have filed the information until the time of arraignment on the opening day of the following term of court. The state's attorney stated that the names of the three witnesses were not known to him at the time of filing the information. When allowing the endorsement

the court indicated that if requested a continuance would be granted by "putting the case at the foot of the calendar which would mean a continuance of about ten days." No such request for continuance was made. The record does not indicate an abuse of discretion in allowing the endorsement of the names of witnesses for the state and we are satisfied that no prejudicial error was committed. State v. Fulwider, 28 S.D. 622, 134 N.W. 807; State v. Roby, 49 S.D. 187, 206 N.W. 925.

■ Defendant contends that the state's attorney was guilty of misconduct. He objected to the following portion of the opening statement of counsel for the state: "I believe after you hear the testimony there will be no doubt in your minds that he is guilty. If I did not believe that, I would not bring this charge against the man." The court instructed the jury that the opening statement was not to be considered as evidence and that the opinion of the state's attorney should be disregarded. In view of the admonition of the court, we do not believe that the statement, while improper, was prejudicial to the defendant.

■ ■ It is alleged in the information that defendant did "wilfully and unlawfully operate and attempt to operate a motor vehicle, to-wit: 1946 Ford V-8 tudor sedan, on State Highway 25, 2½ miles south of DeSmet, within said County, the same being a part of the public highway system of the State of South Dakota." Counsel concedes that it was not necessary to describe with particularity the highway on which defendant was allegedly driving a motor vehicle while intoxicated. He contends, however, that the state having alleged that the highway on which defendant drove a motor vehicle was part of the public highway system of the state was required to prove such fact, though the evidence as to the location of the highway on which the offense was committed was undisputed and that the variance between the allegation and proof requires reversal of the judgment. Defendant cites and relies on Sexton v. State, 29 Ala. App. 336, 196 So. 742, and Tate v. State, 153 Tex.Cr.R. 571, 223 S.W.2d 634. An information must apprise the defendant with reasonable certainty of the accusation against him so that he may prepare his defense and plead the judgment as

a bar to a subsequent prosecution for the same offense. State v. Sinnott, 72 S.D. 100, 30 N.W.2d 455. We are unwilling to go so far as to hold that where the offense is alleged to be committed on a named highway the state must prove such fact although the allegation as to name was unnecessary. We believe that the evidence before us is sufficient to identify the offense charged and that the judgment could be pleaded as a bar to a subsequent prosecution for the same offense.

■■ Defendant claims abuse of discretion in the refusal of the court to grant a motion for a continuance to the next term of court because of the temporary absence of a material witness from the state. The court "may, upon sufficient cause shown", grant an application for continuance to another day in the same or the next term. SDC 34.3603. The granting or refusing of an application for continuance is a matter within the sound discretion of the trial court. State v. Phillips, 18 S.D. 1, 98 N.W. 171; State v. Sonnenschein, 37 S.D. 139, 156 N.W. 906. The motion was unsupported by affidavit or other showing from which it might be determined that the testimony of the absent witness was material, that the defendant had not been guilty of neglect or laches in endeavoring to procure the attendance of the witness and that there was reasonable expectation that the witness could be procured at the next term of court. State v. Davies, 33 S.D. 243, 145 N.W. 719; State v. Sonnenschein, supra. It was not error in the absence of a showing to overrule the motion for continuance.

■ ■ Defendant's motion for new trial was denied and he argues that such denial constitutes error. He presents only the claim of newly discovered evidence. Affidavits in support of the motion for new trial were made by defendant, defendant's attorney and Orville Glanzer. The latter in his affidavit said: "I * * * was out of the state of South Dakota on the 6th day of December, 1954. I planned to stay until the holiday season and did so do. I did not return to the state of South Dakota until the 23rd day of December, 1954. * * * To my knowledge Henry (defendant) had nothing to drink in his possession and had not consumed over four

bottles of 3.2 beer at the most over the entire evening, from 8 o'clock P. M., to 2 o'clock A. M., while I was with him. Henry's actions were normal and he gave no appearance of intoxication upon leaving DeSmet in his brother's car." In the attorney's affidavit in support of the motion is the following: "At the time of the call of the calendar on the 6th day of December, 1954, the state was permitted to add three principal witnesses in their case; that as counsel for the defendant I objected due to element of surprise and requested a continuance to investigate the possible testimony of these witnesses. A stay of ten days was the maximum permitted by the court and upon further investigation I discovered a witness for the defendant to refute the testimony of the additional witnesses added by the state's attorney; however, this witness had left the jurisdiction, * * * on * * * the Saturday, December 4th, 1954, preceding the amending of the information by the state's attorney, which was on the 6th day of December, 1954. That this possible witness for the defendant did not intend to return to the jurisdiction until the 20th day of December, 1954 or later. Consequently not permitting me any opportunity to subpoena this witness within the continuance permitted by the court, so I was compelled to proceed to trial." Counsel argues that without the testimony of the three witnesses whose names upon motion of the state's attorney were endorsed on the information the evidence would not have been sufficient to take the case to the jury and that counsel did not become aware of the materiality of the evidence which Orville Glanzer would give until the endorsement of the names of the three witnesses and too late to produce such witness at the trial. It is evidence itself and not merely its materiality which must have been newly discovered. 66 C.J.S., New Trial, § 101. We are not persuaded that if such evidence were produced at another trial a different result would probably be obtained. The court below was not in error in denying defendant's motion for a new trial.

The judgment appealed from is affirmed.

All the Judges concur.