PEOPLE v. LEVALIE.

(Supreme Court, Appellate Division, Second Department. June 9, 1896.)

CRIMINAL LAW—INSTRUCTIONS—REASONABLE DOUBT.

In response to a request to charge that, "in order to convict defendant of the alleged offense, you must find that the people have produced more than a preponderance of evidence. Simply a preponderance of evidence will not convict. The people must produce evidence that he is guilty beyond a reasonable doubt,"—the court stated, "The last clause I charge, but I decline to charge the first, because it is not the law." *Held*, that the instruction thus given was contradictory, in that it told the jury that a mere preponderance of evidence would suffice to convict, and also stated that defendant's guilt must be proved beyond a reasonable doubt.

Appeal from Kings county court.

James Levalie was convicted of assault in the second degree, and appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

D. Humphreys, for appellant.
Everett Caldwell, for respondent.

BARTLETT, J. We do not see how it is possible to uphold this judgment. At the close of the charge the counsel for the defendant asked the court to instruct the jury as follows: "In order to convict the defendant of the alleged offense, you must find that the people have produced more than a preponderance of evidence. Simply a preponderance of evidence will not convict. The people must produce evidence to satisfy the jury that he is guilty beyond a reasonable doubt." To this the learned trial judge responded: "The last clause I charge, but I decline to charge the first, because it is not the law;" to which refusal the defendant's

counsel duly excepted. The instruction thus given in response to the foregoing request was contradictory and confusing. The jury were told, in effect—First, that a mere preponderance of evidence would suffice to convict, and in the very next breath that they could not convict unless the defendant's guilt was established beyond a reasonable doubt. It is impossible to be certain that they did not act upon the first and erroneous proposition, instead of upon the second and correct one. We cannot doubt that the error into which the trial judge fell in refusing to charge the whole of the request arose from inadvertence or a misapprehension of the precise instruction asked; but, whatever the cause of the mistake, its effect upon the jury was the same, and may have induced them to convict the defendant upon less cogent evidence than the criminal law requires. It is essential to the due administration of justice in our criminal courts that jurors should be made to comprehend clearly the insufficiency of a simple preponderance of evidence to justify a conviction, as distinguished from evidence which leaves no reasonable doubt of the defendant's guilt.

The judgment should be reversed, and a new trial granted. All concur.