## STATE V. EVANS.

1. It is not necessary that the abstract show that a writ of error was issued
   out of the supreme court, as it will take judicial notice of its own
   record.

2. In the absence of an aditional abstract, the court on appeal will assume
   that a bill of exceptions is properly settled, though such fact does not
   affirmatively appear from the abstract.

3. Under Comp. Laws, § 7473, directing the clerk, when a judgment of con-
   viction is rendered, to enter the same on the minutes, and file the
   charges given and refused, etc., which *constitute* the record, the charge
   of the court in a criminal case constitutes a part of the judgment roll,
   and hence is not required to be included in the bill of exceptions.

4. Where the erroneous instruction that defendant was presumed innocent
   of the crime charged until his guilt was established by a preponderance
   of the evidence was not clearly withdrawn, the charge that the jury
   must be satisfied of the guilt of the accused beyond a reasonable doubt
   did not cure the error.

(Opinion filed January 24, 1900.)

Error to circuit court, Butte county. HON. JOSEPH B. MOORE, Judge.

George Evans was convicted of grand larceny, and from an order denying his motion for a new trial he brings error. Reversed.

*T. W. LaFleiche* and *Rice & Polley*, for plaintiff in error.

*John L. Pyle*, Attorney General, *Aloa E. Taylor*, Asst. Atty. Gen., and *H. A. Gilbert*, for defendant in error.

CORSON, J. Upon an information duly filed, the plaintiff in error was tried and convicted of the crime of grand larceny, and sentenced to imprisonment in the state penitentiary for the term of one year. A motion for a new trial was made and denied, and the plaintiff in error has brought the case to this court for review on a writ of error issued out of this court.

Before proceeding to discuss the merits of the case, it will be necessary to dispose of certain objections made to the abstract on the part of the attorney general. He takes the position that, as the abstract does not show affirmatively that a writ of error has been issued, this court has no jurisdiction to review the case. But as the writ of error was issued out of this court, this court will take judicial notice of its own record. Searls v. Knapp, 5 S. D. 325, 58 N. W. 807 This court holds that it is necessary, on appeal, that the abstract show that an appeal has been taken. The appeal not being a proceeding taken in this court, but in the court below, this court cannot take judicial notice of that fact, and hence the abstract should show affirmatively that an appeal has been properly taken, in order that this court can see that it has jurisdiction to review the judgment or order of the court below. But a different rule applies to a writ of error.

The attorney general takes the further position that it does not affirmatively appear from the abstract that a bill of exceptions was settled in this case. But, in the absence of an additional abstract, this court will assume that a bill of exceptions is properly settled. The object of the abstract being to bring before this court such matters as the appellant may deem necessary for a proper review of the case, all matters not material for such review should be omitted from the abstract. If the defendant in error denied that a bill of exceptions was settled, or that the certificate is sufficient, the attorney general should bring the matter before the court by an additional abstract.

The attorney general takes the further position that the charge of the court is not embraced within what purports to be the bill of exceptions, and hence cannot be reviewed by this court. The charge of the court in criminal cases constitutes a part of the judgment roll, and hence is not required to be included in the bill of exceptions. Section 7473, Comp. Laws. This brings us to the merits of the case, and, in the view we take, it will only be necessary to consider the charge of the court.

It is contended by counsel for the plaintiff in error that the court committed error in instructing the jury as follows: "This defendant, George Evans, is presumed to be innocent * * * of the charge of grand larceny until his guilt is established by the state to your satisfaction, by a preponderance of the evidence." This charge of the court, taken by itself, is clearly erroneous, as no rule of law is better settled than that in criminal prosecutions the guilt of the accused must be established by evidence that satisfies the jury beyond a reasonable doubt. But the attorney general contends that although .

this charge, by itself, is erroneous, it is to be taken in connection with subsquent portions of the charge, in which the court clearly and distinctly charged the jury that they must be satisfied of the guilt of the accused beyond a reasonable doubt; and he calls our attention to other portions of the charge, which read as follows: "Before you can convict this defendant of the crime of grand larceny, you must be satisfied from the evidence in this case, and beyond a reasonable doubt, that on or about the 8th day of January, in the year 1899, the defendant, George Evans, in the county of Butte and State of South Dakota, did feloniously * * * take, steal, and carry away from the possession of the said Matador Land & Cattle Company one certain red and white steer, * * * with intent to deprive the owner thereof. If you are so satisfied from the evidence in this case, and beyond a reasonable doubt, then your verdict should be, 'Guilty, as charged in the information.' If, upon the other hand, you are not so satisfied of all these material allegations from the evidence in this case, and beyond a reasonable doubt, then your verdict should be, "Not guilty.'" Undoubtedly, the erroneous charge by the court would have been cured by this part of the charge, had he stated to the jury distinctly that he withdrew his former charge, and that they should not consider it. But, so far as the record discloses, the court did not call the jury's attention to the fact that the first part of the charge was incorrect, but it apparently left this portion of the charge to the jury, uncorrected; and hence the jury had before them the erroneous rule, as well as the correct rule, as to the evidence required in finding their verdict. It is impossible for this court to know which rule the jury adopted, or by which they were governed, in arriving at their verdict in

this case.    The learned author of the subject of "Instructions,"
in the Encyclopædia of Pleading and Practice, says:    "Instruc
tions should be so framed that they will not only state the  law
correctly, but be in harmony with each other, so that the jury
may be aided, and not misled, in arriving at their verdict.
Instructions which are inconsistent or contradictory when ask-
ed, should, of course, be refused, and the giving of such in-
structions is erroneous, and almost invariably held a ground for
reversal.    It is not for the jury to select from contradictory in-
structions those which correctly express the law.    Where an
instruction is clearly and fully withdrawn, no harm results,
but where it is simply contradicted by another instruction it is
otherwise.    To warrant a reversal for contradictory instruc-
tions, it is enough to know that error may have intervened,
and it has been said that a reversal cannot be refused merely
because the record does not show affirmatively that injury has
been done.    The reason for the rule is obvious; for, where the
instructions on a material point are contradictory it is impossi-
ble for the jury to decide which should prevail, and it is equally
impossible, after verdict, to ascertain what instruction the
jury did follow."    11 Enc. Pl. & Prac. p. 145 *et seq.*, and cases
cited.    This statement of the law by the author is supported
by a very large number of authorities.    The cases cited are
mainly civil cases, and the rule in criminal cases would be held
more strictly in favor of the accused.    In the case of People v.
Levalie, 6 App. Div. 230, 39 N. Y. Supp. 874, decided in 1896,
the supreme court of New York, in passing upon a similar
question, says:    "The instruction thus given, in response to
the foregoing request, was contradictory and confusing.    The
jury were told, in effect, first, that a mere preponderance of

evidence would suffice to convict, and in the very next breath that they could not convict unless the defendant's guilt was established beyond a reasonable doubt. It is impossible to be certain that they did not act upon the first and erroneous proposition, instead of upon the second and correct one. We cannot doubt that the error into which the trial judge fell in refusing to charge the whole of the request arose from inadvertence or a misapprehension of the precise instruction asked; but whatever the cause of the mistake, its effect upon the jury was the same, and may have induced them to convict the defendant upon less cogent evidence than the criminal law requires. It is essential to the one administration of justice in our criminal courts that jurors should be made to comprehend clearly the insufficiency of a simple preponderance of evidence to justify a conviction, as distinguished from evidence which leaves no reasonable doubt of the defendant's guilt. The judgment should be reversed, and a new trial granted." As the judgment of the court below must be reversed for the error in the charge of the court, we do not deem it necessary to consider the other questions discussed by counsel The judgment of the circuit court is reversed, and a new trial ordered.