## STATE V. WECKERT.

In a prosecution for larceny the court charged that if the jury believed that defendant took the property under an honest, though mistaken, belief of ownership, it would be their duty to acquit. "In other words, where a defendant charged with larceny tells the jury, or where the jury becomes satisfied from the evidence, that the original taking was under an honest or mistaken claim of right to the property, it is the duty of the jury to acquit him; and before you can convict the defendant in this case, the state must satisfy you," beyond a reasonable doubt, that the defendant took the property in the manner and form charged, knowing the same not to be his, and with intent to deprive the owner of the property thereof. Held erroneous, as casting the burden of proof that the property was taken under an honest claim of ownership on the defendant.

(Opinion filed July 1, 1903.)

Error to Circuit Court, Butte County. Hon. W. G. RICE, Judge.

Joseph Weckert was convicted of larceny, and brings error. Reversed.

*Jay I. Woolston* and *McLaughlin & McLaughlin*, for plaintiff in error.

A defendant in a criminal action is presumed to be inno-

cent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted. It is not necessary for the defendant to satisfy the jury that he was in fact the owner of the goods alleged to have been stolen, or that he took them under a bona fide claim of right. The burden is upon the prosecution to establish the guilt of the defendant beyond a reasonable doubt and this requirement is not satisfied if the evidence leaves it in doubt whether or not the property taken was the defendant's, or whether the defendant honestly believed either that he was the owner or that he had a right to the possession. 18 Ency. of Law, 525, Black v. State, 83 Ala. 81; Evans v. State, 15 Tex. App. 31; Bray v State, 41 Tex. 560; Camplin v. State, 1 Tex. App. 108; McKnight v. United States, 115 Feb R p. 972; Chaffey v. United States, 8 Wall. 316; Jones Ev. Sec. 175; Wharton Cr. Ev. Sec. 344; Commonwealth v. McKie, 1 Gray 61; In State v. Huffman, 16 Pac. 640.

*Philo Hall,* Atty. Gen., *T. W. LaFleiche,* States Atty., and *E. O. Farnham,* for State.

Instructions given to the jury should all be read and construed together, and if they as a whole, fairly and correctly present the law applicable to the facts, it is sufficient. Perham v. Portland General Electric Company, 40 L. R. A. 799; U. S. v. Adams 2 Dak. 305.

CORSON, J.   Plaintiff in error was indicted, tried, and convicted of the crime of grand larceny. Motion for a new trial was made and denied, and the case is now before us on writ of error.

It is charged in the indictment that the accused willfully,

unlawfully, feloniously, and by fraud and stealth, did take, steal, and drive away a certain dark bay gelding horse about four years old, branded S (commonly called a "Dutch D") on the left hip, of the value of $50, said horse then and there being the property of John S. Scheaffer, with intent to deprive him thereof. The evidence disclosed that in the spring of 1902, at a horse round-up near the town of Belle Fourche, in the county of Butte, there was one young horse upon which no visible brand appeared. This horse was claimed by the accused, taken by him from the corral, and branded with his brand. Subsequently the horse was claimed by its true owner, Mr. Scheaffer, and upon close inspection his brand was found upon the same, and the horse was delivered by the accused to Scheaffer. Thereupon the accused was arrested, and subsequently tried and convicted, as above stated.

At the close of the trial the court instructed the jury as follows: "In this case I charge you, as a matter of law, that if you are satisfied from the evidence that this defendant, Joseph Weckert, took the property in question from the corral * * * under an honest belief of ownership, although mistaken in this belief, then you would not be warranted in convicting this defendant, and it would be your duty as jurors to acquit him. In other words, where a defendant charged with larceny tells the jury, or where the jury become satisfied from the evidence, that the original taking of the property was under an honest or mistaken claim of right to the property, it is the duty of the jury to acquit him, and before you can convict the defendant in this case, the state must satisfy you from the evidence, beyond a reasonable doubt, that the defendant, by fraud or stealth, and with intent to deprive the owner of the prop-

erty thereof, and knowing the same not to be his, took the property in the manner and form charged in this indictment." The accused contends that by this charge the court clearly instructed the jury that the burden was upon the accused of satisfying them that the taking of the horse by him was under the honest claim of ownership   We are of the opinion that the contention of counsel for the accused is correct.   While it is true that in the latter part of the instruction the court does charge the jury that, before they can convict the defendant, the state must satisfy them of his guilt beyond a reasonable doubt, yet the former part of the instruction was not withdrawn from the jury, in which they were clearly instructed, in effect, that the burden was upon the accused to satisfy them that he took the property in question under an honest belief of ownership, although mistaken in that belief.   This instruction was clearly erroneous, and in conflict with the provisions of section 7376, Comp. Laws 1887, which reads as follows: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted."   And the law upon the subject is stated in the American & English Encyclopedia of Law as follows: "It is not necessary for the defendant to satisfy the jury that he was in fact the owner of the goods alleged to have been stolen, or that he took them under a bona fide claim of right.   The burden is on the prosecution to establish the guilt of the defendant beyond a reasonable doubt, and this requirement is not satisfied if the evidence leaves it in doubt whether or not the property taken was the defendant's, or whether the defendant honestly believed either that he was the owner, or that he had

a right to the possession." 18 Am. & Eng. Ency. (2d Ed.) p. 525; State v. Huffman, 16 Or. 15, 16 Pac. 640; State v. Grinstead, 62 Kan. 593, 64 Pac. 49; State v. Evans, 12 S. D. 473, 81 N. W. 893; Chaffee v. United States, 18 Wall. 516, 21 L. Ed. 908; McKnight v. United States, 115 Fed. 972. 54 C. C. A. 358; Bray v. State, 41 Tex. 560; Jones Ev. § 175; Commonwealth v. McKie, 1 Gray, 61, 61 Am. Dec. 410: In State v. Huffman, supra. the Supreme Court of Oregon says: "The next one of said instructions, to the effect that the appellant must establish that he took the steer under claim of right, color of title, or by mistake, was all wrong. No conviction of a person charged with a crime can be had, in this state, unless he is proved guilty beyond a reasonable doubt. And it matters not whether such doubt arises out of some defect or weakness in the evidence introduced on the part of prosecution, or is created by proof given upon the part of the accused. The burden of proof is upon the former from the beginning to the end of the trial. It is never changed." The Supreme Court of Kansas takes a similar view in State v. Grinstead, supra. That court says: "The latter portion of this instruction is erroneous. It not only shifted the burden of proof from the state to the defendant, but required the defendant to satisfy the jury that the publication was not made by his authority. It is elementary that the burden of proof as to all essentials of guilt rests upon the state, and not upon the defendant, and that burden must be discharged by a degree of evidence that will satisfy the jury beyond a reasonable doubt."

It is contended by the respondent, that, reading the whole instruction together, the error was cured by the latter part of the same; but the court failed to inform the jury that his in

struction upon the burden of proof was to be disregarded, and was to be considered as withdrawn. This court, in speaking upon that subject in State v. Evans, supra, says: "Undoubtedly the erroneous charge of the court would have been cured by this part of the charge, had he stated to the jury distinctly that he withdrew his former charge, and that they should not consider it; but. so far as the record discloses, the court did not call the jury's attention to the fact that the first part of the charge was incorrect, but it apparently left this portion of the charge to the jury uncorrected; hence the jury had before them the erroneous rule, as well as the correct rule, as to the evidence required in finding their verdict. It is impossible for the court to know which rule the jury adopted, or by which they were governed in arriving at their verdict. For this error, the judgment of the court below must be reversed, and a new trial granted."

There are other assignments of error discussed by counsel in their briefs, but we do not deem it necessary to consider or decide them at this time.

The judgment of the court below, and order denying a new trial, are reversed.