## STATE v. CALKINS.

An objection to the introduction of any evidence in a criminal case, after material evidence has been received, is properly overruled.

The failure of a transcript of the justice of the peace to contain a judgment or finding to the effect that a crime was committed, and that there was probable cause to believe defendant guilty is waived by a failure to move to set aside the information before pleading not guilty.

Where a justice of the peace, as required by Rev. Code Cr Proc. § 158, returns to the circuit court the information indorsed, as required by section 146, with the finding of the commission of the offense and the probable guilt of defendant, an objection that his transcript fails to show such facts is without merit.

Where a charge as a whole sufficiently emphasizes the necessitay that guilt be proved beyond a reasonable doubt, it is not error to omit the phrase in an instruction as to the court's province which requires the jury, "if you believe the defendant to be guilty, to bring in a verdict of guilty, and leave it to the higher courts * * * to correct" the lower court's errors.

(Opinion filed, October 30, 1906.)

Error to Circuit Court, Fall River County. Hon. Levi McGee, Judge.

Israel Calkins was convicted of crime, and brings error. Affirmed.

E. L. Grantham, for plaintiff in error. Philo Hall, Atty. Gen., Aubrey Lawrence, Asst. Atty. Gen., and Elmer R. Juckett, State's Atty., for the State.

HANEY, J. After the first witness on behalf of the state had been asked, and had answered, numerous questions, the de-

fendant objected to "the introduction of any evidence * * * for the reason that the transcript of the justice of the peace upon which this proceeding is and must be based contained no judgment of the said justice to the effect or containing a finding that the crime had been committed, or that there is probable cause to believe Israel Calkins, the defendant in this case, guilty thereof." The objection was properly overruled. It came too late. An objection to the introduction of any evidence after material evidence has been received without objection involves a manifest absurdity. Moreover, irregularities in the proceedings before the examining magistrate, if any existed, were waived by failure to move to set aside the information before entering the plea of not guilty, and the defect suggested by the objection did not exist; the magistrate having returned the information or complaint filed with him, indorsed in the manner required by the statute. Rev. Code Cr. Proc. §§ 146, 158.

Though several portions of the charge are criticised in the brief of counsel, the record discloses only one exception, stated thus: "Thereupon the defendant specifically excepted to that portion of the instructions of the court given to the jury wherein the court states that, if the jury believe the defendant guilty, they should convict him, leaving the question of mercy to the court, for the reason that there is not coupled with the former statement the expression 'beyond a reasonable doubt,' and the latter is inflammatory and prejudicial." It presumably refers to the following paragraph: "I instruct you, further, to be governed solely and fully by the testimony and the instructions of the court in this case, and do not allow yourselves to be governed or swayed by the eloquence of counsel, but be governed by the testimony of the witnesses on the stand, and, as to the law, you must leave that to this court. It is not your duty to attempt to correct the law as given you by this court. There is a higher court, and if this court makes a mistake that court will correct the errors of this court. It is your duty, if you believe the defendant to be guilty, to bring in a verdict of guilty and leave it to the higher courts of this state to correct the errors of this court." As the charge contains nothing relating to "the question of mercy," the only alleged defect demand-

ing consideration is the omission of the words "beyond a reasonable doubt." The clause "if you believe the defendant to be guilty" does not in itself express or imply any degree of proof. The learned circuit court repeatedly instructed the jury that they could not convict unless satisfied of guilt beyond a reasonable doubt. No intelligent person could have heard the entire charge without understanding that he must believe the defendant guilty beyond a reasonable doubt before he could convict, and that such belief must be based upon the evidence received at the trial. This case is easily distinguished from State v. Weckert, 17 S. D. 202, 95 N. W. 924. In that the court inadvertently used language calculated to convey the impression that the jury could not acquit unless they were satisfied from the evidence that certain facts existed, which, in the absence of proof to the contrary, beyond a reasonable doubt, should have been presumed to exist. Here the charge taken as a whole was entirely consistent and correctly defined the degree of proof required in criminal actions.

The judgment of the circuit court is affirmed.

CORSON, J., not sitting.