STATE, Respondent v. O'CONNOR, Defendant and
JANSEN, Defendant-Appellant

(172 N.W.2d 724)

(File No. 10675. Opinion filed November 24, 1969)

**William D. Kenyon,** Sioux Falls, **William L. Dickey,** Sioux Falls, on the brief for appellant.

**Gordon Mydland,** Atty. Gen., **R. James Zieser,** Asst. Atty. Gen., Pierre, for respondent.

RENTTO, Judge.

On a jury verdict finding defendant Danvers John Jansen guilty of burglary in the third degree he was sentenced to five years' imprisonment in the penitentiary. He appeals from the judgment of conviction claiming that it should be reversed because of error:

1. In the conduct of the preliminary hearing;

2. In the admission into evidence of a lug wrench found in the burglarized premises, and

3. In admitting testimony concerning a driver's license and an insurance identification card which he had in his possession when apprehended.

Since we do not concur in his views we affirm the judgment.

Between two and three o'clock in the morning of Sunday, July 14, 1968, several patrol cars of the Sioux Falls Police Department went to the Edsaler Bar on West 12th Street. The officer first on the scene went to the front of the building while the second one there stationed himself near a door at the rear. They had observed that a large portion of the glass front door of the premises was shattered. On looking through the window in the front of the building the officer saw two men in a crouched position back of the serving bar, one of whom he recognized as the appellant. When they straightened up they saw him and took off for the rear door. Only one of them, O'Connor the other defendant, came out through the back door. He was promptly taken into custody.

Adjoining the bar building on the west is a parking lot. When the officers arrived there that morning a 1962 Plymouth automobile bearing Illinois license plates was parked on the lot. The officer first on the scene felt of the hood and ascertained that it was warm. It was owned by Ronald and Judith Ell of 1027 Church Street, Rockford, Illinois. The police took it into custody and had it towed to a commercial garage to be stored.

In a search of the building by an employee of the bar and his wife, who had been called by the police after O'Connor had been captured, appellant was discovered crouching in a recess near the heating unit in the building. As the employee seized him a scuffle ensued during which the employee struck him in the face with a beer bottle causing profuse bleeding. He broke away from the employee but was soon captured in a crawl space under the floor of a home on South 4th Street. The trail of blood

which the police followed in apprehending him led from the rear door of the bar to this house.

He was then taken directly to a hospital where his facial cuts were sutured. While there he requested a police officer to call one Sharon Buol and request her to bring him his clothes. This the officer did. Shortly thereafter she came to the hospital with his clothes, accompanied by Richard Torrant and Ronald Ell. Appellant remained in the hospital only a brief time after which he was taken to the Police Department offices and then to the county jail. When he arrived at the jail the three people who had brought his clothes to the hospital, Sharon Buol, Richard Torrant and Ronald Ell, were there attempting to have released the 1962 Plymouth belonging to Ell, which was in police custody.

Appellant and his partner in crime were separately informed against, tried and convicted before different judges and jury panels. A preliminary hearing was had for O'Connor after which he was held to answer the charge of burglary in the third degree. The record shows that appellant wanted to waive a preliminary examination and repeatedly informed the magistrate and the state's attorney of his desire. These efforts were opposed by the prosecution claiming that nevertheless it had a right to hold the hearing. He asserts that the state forced an unwanted preliminary hearing on him when one was held for O'Connor. The record reveals this claim to be doubtful. However, we need not resolve the quandry.

■ ■ On this appeal he may not urge that issue because he did not present it to the trial court. When arraigned on the information he entered his plea of not guilty without objection and thereafter likewise participated in the trial. Generally, objections to defects or irregularities in the preliminary hearing should be raised by motion to set aside the information. 22 C.J.S. Criminal Law § 365; 21 Am.Jur.2d, Criminal Law, § 446. We have consistently indicated our adherence to this view. State v. Calkins, 21 S.D. 24, 109 N.W. 515; State v. Jerke, 73 S.D. 64, 38 N.W.2d 874; State v. Hinz, 78 S.D. 442, 103 N.W.2d 656. Consequently, his claim in this regard is not presented for review.

■ In searching the interior of the bar building, just before discovering appellant therein, the bar employee observed a lug wrench on top of the filter case near the area where he was hiding. It is explained that this is the type of wrench used in changing tires on a car. He testified that it was not there when he cleaned up and closed the bar just a few hours before it was broken into and that it did not belong to the bar. It was put in evidence over appellant's objection. In the described circumstances the jury could reasonably infer that it was the instrument used in breaking out the glass in the front door of the bar by appellant or his partner in crime in making their entrance. 22A C.J.S. Criminal Law § 712. This likelihood makes it admissible in evidence. Accordingly, the court's ruling was proper.

When appellant was admitted to the county jail his personal possessions were taken into custody by the officer in charge. Among them was a driver's license issued to Ronald Ell, apparently by the State of Illinois, and an insurance identification card issued by an insurance company and made out to Ronald and Judith Ell of 1027 Church Street, Rockford, Illinois. An officer who was present and observed these documents was permitted to testify concerning them. He objected to this testimony on the ground that it was without probative value. We do not agree.

Since the hood of the Plymouth belonging to an Illinois acquaintance of defendant Jansen who was in Sioux Falls at the time of the offense involved, was still warm when the officers arrived at the scene, the jury could rationally conclude that appellant and O'Connor had utilized it in traveling to the bar. This conclusion is further supported by the fact that when committing the burglary Jansen had in his possession the driver's license and the insurance identification card of this car owner friend.

■ ■ Testimony concerning these documents was additional evidence connecting appellant with the burglary involved. Such evidence is permitted to take a broad range. State v. Mehl-

haff, 72 S.D. 17, 29 N.W.2d 78. Any fact that legitimately tends to connect an accused with the commission of an offense is relevant and possesses probative value.

Affirmed.

All the Judges concur.