STATE, Respondent v. O'CONNOR, Appellant

(173 N.W.2d 48)

(File No. 10599.  Opinion filed December 11, 1969)

**William D. Kenyon,** Sioux Falls, for defendant and appellant.

**Gordon Mydland,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

ROBERTS, Judge.

Defendant was convicted of the offense of obtaining money under false pretenses. From judgment of conviction, defendant appeals.

An information was filed which, omitting formal parts, charges "that John O'Connor * * * did * * * obtain from Erickson Oil Company of Sioux Falls, South Dakota, cash of the value of $20.00 * * by falsely pretending and repre-senting to an * * * employee of the said Erickson Oil Com-pany that a check in the sum of $20.00 * * * was a good and genuine check and would be paid on presentation to the bank upon which said check was drawn * * * but said check was dishonored and returned to the said Erickson Oil Company marked 'No Account', and the said defendant did then and there, designedly and by the aid of false pretenses as aforesaid, obtain money" in violation of the provisions of SDC 13.4202.

The pertinent provisions of SDC 13.4202, included in Ch. 22-41, SDCL 1967, read as follows:

"22-41-4. False pretenses * * * Every person who designedly, by color or aid of any false token or writing, or other false pretense, obtains the signature of any per-son to any written instrument, or obtains from any per-son any money or property * * * is punishable by imprisonment in the state penitentiary".

"22-41-5. Use of check as false token.—The use of a matured check or other order for the payment of money as a means of obtaining any signature, money, or property described in § 22-41-4 by a person who knows that a drawer thereof is not entitled to draw for the sum specified therein, upon the drawee, is the use of a false token within the meaning of that section, although no representation is made in respect thereto."

The only questions involved are whether the court erred in overruling motion for continuance of the trial to the next term of court, in overruling motion for mistrial grounded on the contention that the rights of the defendant were prejudiced when the state subpoenaed Madeline O'Connor, wife of the defendant, and in the giving under the facts of the case Instruction No. 9.

When the action was called for trial, defendant requested a continuance to the next term of court. Counsel then representing defendant stated: "I am a new counsel, and for another reason a witness by the name of Mr. Green hasn't arrived. Also, Mr. O'Connor hasn't made a satisfactory arrangement for my fee. * * * The State would not be prejudiced in any way by having it continued until the September term." The crime was committed in November 1967. Defendant represented by counsel waived preliminary hearing and was bound over on January 15, 1968, to the circuit court. The information was filed and defendant arraigned on May 7, 1968. Counsel on appeal did not represent defendant in the circuit court.

The provisions of SDC 1960 Supp. 34.3603 (SDCL 1967, § 23-42-5) read as follows:

"When an indictment or information is called for trial, or at any time previous thereto, the court may, upon sufficient cause shown by either party, direct the trial to be postponed to another day in the same or next term."

The grant or refusal of a motion for continuance rests primarily in the sound discretion of the trial court. State v. Johnson, 76 S.D. 37, 71 N.W.2d 733. Whether there has been abuse of discretion necessarily depends upon the facts in each case. There was no showing that testimony of the absent witness if present would have been material and there is no claim or showing that further defense could have been presented if the court had granted the motion. It does not appear that defendant was denied an opportunity to prepare his defense or that the court abused its discretion in denying a continuance.

A wife with certain exceptions cannot be examined for or against her husband in a criminal action without his consent. SDCL 1967, § 19-2-1. The crime in the instant case does not come within any exception permitting such testimony without consent. This court held in State v. Damm, 62 S.D. 123, 252 N.W. 7, 104 A.L.R. 430, that it was not reversible error to permit the state to request the defendant in a criminal prosecution to consent to his wife testifying. With respect to the right to call a witness whose testimony is privileged this court therein said: "It is the general rule, * * * as stated by Professor Wigmore (Wigmore on Evidence [2d Ed.] § 2243) that 'the party desiring to compel the spouse to testify may at least call for the testimony, and is not to be deprived of it until the party-spouse formally objects and claims the privilege.' "

The record discloses no more than we have indicated. The wife was at no time present in court during the trial and no inquiry or reference was made in the presence of the jury as to whether she was subpoenaed or might be called to testify. The motion for mistrial was properly overruled.

The assignments do not point out the error alleged to exist in the giving of Instruction 9 and do not refer to the page of the transcript or portion of the record wherein the alleged error appears. SDCL 1967, § 15-29-6; J. R. Watkins Co. v. Beisel, 78 S.D. 413, 103 N.W.2d 333. The false pretense statute (§ 22-41-4, supra) includes a provision making it a crime to obtain money or property by the use of a "false token or writing". Section

22-41-5, supra, provides that the use of a matured check by a person who knows that a drawer is not entitled to draw for the specified sum, upon the drawee, is the use of a false token within the meaning of the preceding section, although no representation with respect thereto is made. The portion of the instruction objected to told the jury that a false token or writing is a thing or an object or document which is used as a means to defraud and which is of such character that, were it not false, it would commonly be accepted as what it obviously appears and purports to be, and which, though false, is apparently what it appears to be. Although the record does not sufficiently present the objection argued, we have considered the arguments of counsel and conclude that the asserted error is without merit.

Judgment affirmed.

BIEGELMEIER, P. J., and RENTTO and HANSON, JJ., concur.

HOMEYER, J., concurs in result.