STATE of South Dakota, Plaintiff and Appellee,

v.

Frederic DuBRAY, Defendant and Appellant.

No. 13048.

Supreme Court of South Dakota.

Submitted on Briefs Oct. 17, 1980.

Decided Nov. 26, 1980.

Jon R. Erickson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

William J. Srstka, Jr. of Duncan, Olinger, Srstka, Lovald & Robbennolt, Pierre, for defendant and appellant.

DUNN, Justice.

Defendant, Frederic DuBray, was convicted by a jury of driving while under the influence of alcohol (DWI), as defined in SDCL 32-23-1, and of possession of marijuana, as defined in SDCL 22-42-6. This was his third conviction of DWI; therefore defendant was sentenced under SDCL 32-23-4, which enhances the charge to a Class 6 felony. The sentence imposed for the DWI conviction was a fine of $1,000 and confinement in the South Dakota State Penitentiary for one year. Defendant was also sentenced to serve fifteen days in jail

and pay a fine of $100 on the marijuana conviction, the jail sentence being merged with the penitentiary sentence. In an apparent effort to rehabilitate defendant, the court ordered that any time which defendant voluntarily spent in an alcohol treatment center would be credited against his penitentiary sentence. From this conviction and sentence, defendant appeals. We affirm.

On the evening of October 27, 1979, defendant went to Mobridge, South Dakota. Defendant's stated mission in going to Mobridge was: "I was planning on getting drunk that night . . . ." To aid in accomplishing this goal, defendant visited the "Jokers Wild" and the "Silver Dollar" taverns. He remained in these establishments until closing time around 2:00 a. m. on October 28, 1979. It is beyond dispute that he was successful in carrying out his mission.[1]

Defendant then went to the Sereno Cafe and upon leaving there he was seen being helped by Scott Merchant into the passenger side of defendant's pickup. Scott Merchant then proceeded around the pickup and got in on the driver's side. This activity occurred around 2:30 a. m.

Approximately one hour later, defendant's pickup was seen by Elmer Wetch. Wetch observed the pickup parked in the middle of the road at the corner of Third and Fifth Streets. The pickup was idling, with its lights on, but appeared to be unoccupied. Wetch immediately informed the police of this unusual early morning observation.

Officer Miller of the Mobridge Police Department responded to the Wetch call. The intersection of Third and Fifth was found to be unoccupied, but upon further investigation defendant's pickup was found one-half block east; the motor was running and

it was still in drive. The pickup had left the roadway, implanting itself firmly in a corner post of a picket fence. Officer Miller opened the door and found defendant asleep on the driver's side of the cab. He also found twenty cans of Budweiser beer, two of which were opened, and a partially emptied bottle of whiskey on the floor of the pickup.[2]

Officer Miller rousted the defendant from his sleep. While observing and speaking to him, Officer Miller determined that defendant was intoxicated. Defendant was then arrested and taken to the police station. During a search at the police station, defendant produced a plastic bag containing a small amount of a green leafy substance, later determined to be marijuana.

On appeal defendant raises a myriad of issues, only four of which deserve any merit whatsoever: Was defendant in actual physical control of the vehicle? Was the arrest valid? Did the court abuse its discretion in denying a continuance? Was evidence of the chemical analysis of marijuana properly admitted?

Discussion of the issues raised must be premised with the rule that "[u]pon appeal, we must accept the evidence, and the most favorable inferences that the jury might fairly have drawn therefrom, that will support the verdict. *State v. Geelan*, 80 S.D. 135, 120 N.W.2d 533; *State v. Zobel*, 81 S.D. 260, 134 N.W.2d 101; *State v. Henry*, 87 S.D. 454, 210 N.W.2d 169; *State v. Best*, [89] S.D. [227], 232 N.W.2d 447." *State v. Boyles*, 260 N.W.2d 642, 643 (S.D.1977).

■ Defendant was found alone and asleep on the driver's side; the motor was running and the transmission was still in drive. This is a far cry from the situation in *State v. Oyen*, 286 N.W.2d 317 (S.D.1979), where the accused was found lying uncon-

1. Defendant testified on direct examination that after he left the Silver Dollar, "I was real drunk then."

2. It was brought out at trial that Lonie Krumm had purchased a full case of Budweiser and unbeknownst to defendant had placed this in defendant's pickup. Whether defendant was

aware of the presence of this beer is not apparent, but it was shown that Lonie Krumm placed a full case of twenty-four cans in the pickup and the defendant was found with only twenty cans, two of which had been opened. Moreover, Lonie Krumm knew nothing about the whiskey which was found in the pickup.

scious thirty-five feet away from his pick-up. In *Oyen*, another party was found at the scene of the accident who could have been the driver of the pickup. Here, only defendant was present. But the final nail in the coffin is the observation by Mr. Wetch of defendant's pickup parked a mere half block from its eventual resting place. Wetch observed nobody in the pickup, thereby discounting any alibi of someone other than defendant driving the pickup. In addition, this observation was made almost a full hour after defendant was observed being helped into the passenger side. Therefore, even if the jury chose to believe defendant's story, making Scott Merchant the driver, they could logically have found that defendant had left Scott Merchant's company during that hour and had become the sole party in control of the vehicle. As in *Kirby v. State, Dept. of Public Safety*, 262 N.W.2d 49, 52 (S.D.1978):

> [A]ll of the objective circumstances in the instant case [point] to the fact that [defendant] was in actual physical control of his vehicle: he was behind the wheel, albeit perhaps dozing; there was no one else in the vehicle; the motor was running .... In short, [defendant] was in a position in his vehicle under circumstances that would have supported a finding by a jury that he had driven the vehicle to the point where it was parked.

We therefore accept the jury's determination that defendant was in actual physical control of his vehicle.

Defendant asserts that the arrest was invalid for lack of probable cause. SDCL 32–23–1.1 provides:

> A law enforcement officer may, without a warrant, arrest a person for a violation of the provisions of § 32–23–1 when he has probable cause to believe that the person to be arrested has been involved in a traffic accident and has violated the provisions of § 32–23–1 and that such violations occurred prior to or immediately following such traffic accident.

■ "The term 'traffic accident' means an accident involving at least one vehicle, which occurs either on a public street or elsewhere." *People v. Jordan*, 142 Cal.Rptr. 401, 409, 75 Cal.App.3d Supp. 1, 14 (1977). Defendant's pickup had left the roadway and struck a corner post of a picket fence. Noticeable damage was done to the headlight, headlight bezel and bumper guard of the pickup. Under the facts of this case, there was a traffic accident as contemplated by SDCL 32–23–1.1.

■ Mere occurrence of a traffic accident is not enough. There must also be probable cause to believe the accused was driving in violation of SDCL 32–23–1. Officer Miller observed that defendant smelled of alcohol, was unsteady in walking, and had slurred speech. Furthermore, there were open beer containers in the pickup and a partially emptied whiskey bottle. Prior to arresting defendant, Officer Miller requested that defendant sit in the police car, but defendant's condition was such that the request could be accomplished only with Officer Miller's assistance.[3] These facts, in light of Officer Miller's considerable experience, were sufficient to establish the element of probable cause as required by SDCL 32–23–1.1.

Defendant claims that there was an abuse of discretion by the trial court in its refusal to grant his requested continuance. A continuance was sought to allow defendant an opportunity to arrange for the presence of Scott Merchant, who had moved to Louisiana prior to trial. Scott Merchant was the party who had been seen helping defendant into defendant's pickup. Defendant claims it was Scott Merchant who had driven the pickup.

■ Defendant had two and one-half months to prepare for trial.[4] During this time frame, Scott Merchant was never

---

**3.** Officer Miller testified at trial that:

A. [Officer Miller] I asked him to sit down in the back seat.

Q. [Prosecuting Attorney] Did he do so?

A. [Officer Miller] Yes, but his legs—I lifted one leg up, and then he put the other one in.

**4.** Counsel on appeal did not represent defendant at trial.

served with a subpoena, even though defendant had over two months prior to Scott Merchant's moving from South Dakota to Louisiana to do so. Defendant did purchase a plane ticket for Scott Merchant and had received assurances from him that he would come to the trial. The trial court granted a one-day continuance to allow defendant further opportunity to obtain Scott Merchant's presence. The rule in such a case is:

A defendant held to answer at the circuit court for the commission of a crime cannot safely rely on the promises of witnesses to appear at the trial and testify, but he must see that they are subpoenaed, or their evidence taken, when it can properly be done, at the earliest possible date, in order to be in a position to ask for a continuance on account of their absence.

State v. Phillips, 18 S.D. 1, 11, 98 N.W. 171, 174 (1904). See State v. Dowling, 87 S.D. 532, 211 N.W.2d 572 (1973).

■ Defendant did not subpoena Scott Merchant or take Scott Merchant's testimony during the ample time which defendant had to prepare for trial. Defendant's only excuse is his reliance on Scott Merchant's promises to voluntarily testify on his behalf. We are guided by the rule that the granting or refusal of a continuance rests primarily in the sound discretion of the trial court. State v. O'Connor, 84 S.D. 449, 173 N.W.2d 48 (1969); State v. Johnson, 76 S.D. 37, 71 N.W.2d 773 (1955); State v. Phillips, supra. We refuse to find an abuse of discretion in the trial court's failure to grant a continuance, where defendant has neither subpoenaed nor otherwise preserved evidence of a material witness and where there was ample time to act.

Finally, defendant claims it was error to introduce a copy of the chemical analysis of the marijuana. Officer Miller testified that he had taken the green leafy substance from the person of defendant; and that he and Chief Johnson had jointly filled out the state laboratory questionnaire. Chief Johnson testified that he had sent the substance, together with the completed questionnaire, to the state chemical laboratory by certified mail. The State then offered into evidence State's Exhibits 4 and 5 which were the certified mail receipt and the chemist's affidavit of the analysis made by the laboratory. This affidavit was sworn to by a state chemist, Roger Mathison, before a notary public. Results of this analysis proved the substance to be marijuana, confirming the opinions of Officer Miller and Chief Johnson. Defendant attacks the introduction of this affidavit at trial for lack of foundation.

■ SDCL 13–57–22, the pertinent statute in this case, provides:

A copy of the result of any examination or analysis of any product or article by the state chemist or his assistants, duly authenticated by the analyst, shall be prima facie evidence in all courts of the matters and facts therein contained.

Under this statute, if the report was "duly authenticated by the analyst," it was properly admitted. SDCL 19–17–9 provides that documents accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public do not require extrinsic evidence of authenticity. The affidavit introduced at trial bore a certificate of acknowledgment as prescribed by SDCL ch. 18–4. We therefore find that this affidavit falls within the purview of SDCL 13–57–22 and was properly admitted.

We find no merit in defendant's other contentions. Accordingly, the judgment of the trial court is affirmed.

All the Justices concur.