STATE of South Dakota, Plaintiff
and Appellee,

v.

Randall James HOFF, Defendant
and Appellant.

No. 13612.

Supreme Court of South Dakota.

Considered on Briefs May 18, 1982.

Decided Oct. 6, 1982.

Mark W. Barnett, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Keith R. Strange of Strange & Strange, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

Randall James Hoff (appellant) was convicted by a jury on a charge of burglary in the first degree, arising from an incident which occurred shortly after midnight on April 1, 1981, in Sioux Falls, South Dakota. Appellant appeals from the conviction and we affirm.

Appellant was apprehended as a result of a police radio transmission of a reported prowler who approached the area and departed again in a small white car. Such a car, driven by appellant, was stopped in the vicinity of the alleged prowling. After identifying himself, appellant consented to a search of the vehicle. A tire iron was found on the floor of the vehicle and appellant had a flashlight in his pocket. The occupants of the house where the prowler was spotted reported that approximately $41 had been removed from their purses. A search warrant was obtained to search the car again and the officers found a pouch with $41 in it, which was tucked above the visor on the driver side.

The first issue we examine is the admissibility into evidence of the tire iron

seized in the course of the consent and search of the vehicle. Appellant argues that under our holding in *State v. Herman,* 253 N.W.2d 454 (S.D.1977), the tire iron was inadmissible because the State had wholly failed to connect the tire iron with any alleged nick in the woodwork of a door that had apparently been forced open. Reliance on *Herman* in this instance is misplaced, since the issue in *Herman* was chain of custody. As the State points out, a situation similar to the one before us was presented in *State v. O'Connor,* 84 S.D. 415, 172 N.W.2d 724 (1969), where a lug wrench was admitted in evidence and the issue was joined on the relevancy of real evidence (the lug wrench) in a case that was built on circumstantial evidence. In *O'Connor,* we stated that "the jury could reasonably infer [from the evidence] that it [the lug wrench] was the instrument used in ... making their entrance. This likelihood makes it admissible in evidence." *Id.,* 172 N.W.2d at 726 (citation omitted). *See State v. Watkins,* 89 S.D. 82, 228 N.W.2d 635 (1975). Appellant's argument here, as in *O'Connor,* goes to the weight of the evidence, not to the relevance in the circumstances of this case, where there was ample evidence that the door had in fact been forced by an instrument.

■ Appellant also assails the use by the prosecution of a prior conviction for impeachment on cross-examination when such conviction resulted from a plea of guilty to grand larceny where he had not been represented by counsel. There is no doubt that, "the use of convictions constitutionally invalid under *Gideon v. Wainwright* to impeach a defendant's credibility deprives him of due process of law." *Loper v. Beto,* 405 U.S. 473, 483, 92 S.Ct. 1014, 1019, 31 L.Ed.2d 374, 381 (1972). *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), held a felony conviction invalid if, in the absence of waiver, it was obtained in a court that denied the defendant the assistance of an attorney. The facts of this case are distinguishable from those in *Loper,* where the defendant had not been advised that he had a right to an attorney or that one would be appointed if he could not afford one, and the record did not disclose a waiver of counsel. *Loper v. Beto,* 405 U.S. at 477 n. 3, 92 S.Ct. at 1016 n. 3, 31 L.Ed.2d at 378 n. 3.

In the instant case, however, when appellant had entered the plea to grand larceny, his prior conviction, the court had questioned him extensively about waiver, had fully advised him of his rights to representation, and appellant had insisted that he did not want an attorney. This waiver clearly distinguishes this case from *Loper,* making the evidence admissible over appellant's objection.

■ We have examined appellant's arguments that the trial court erred in not suppressing the fruits of the consent search on the scene and the subsequent search by authority of a search warrant. We hold that the former, based on appellant's written consent, and the latter, based on an adequate application, were both valid searches.

■ Finally, on the issue of sufficiency of the evidence to sustain the conviction, while such evidence was, for the most part, circumstantial, we find the same to be ample to sustain the conviction.

The judgment of the trial court is affirmed.

All the Justices concur.