**STATE of South Dakota, Plaintiff and Appellee,**

v.

**John S. "Jack" O'CONNOR, Defendant and Appellant.**

**No. 15391.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1987.

Decided July 1, 1987.

Rehearing Denied July 31, 1987.

---

Tim Wilka, Minnehaha Co. States Atty., Sioux Falls, and Mark Meierhenry, Atty. Gen., Pierre, for plaintiff and appellee.

Thomas J. Nicholson, McFarland, Petersen & Nicholson, Sioux Falls, for defendant and appellant.

GERKEN, Circuit Judge.

This matter was previously before this court on appeal from a jury trial held in 1983. *State v. O'Connor*, 378 N.W.2d 248 (S.D.1985). In our earlier opinion, we remanded the case to the trial court for resentencing to allow the trial judge to apply the appropriate proportionality criteria set forth in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). O'Connor now appeals from an order denying his motion to strike prior convictions and from the judgment and sentence after remand. We affirm.

O'Connor was convicted by a Minnehaha County jury on conspiracy to commit grand theft, conspiracy to commit third degree burglary and grand theft. The court then found O'Connor to be an habitual offender, using three other prior felonies contained in Minnehaha County court files Cr. 68-6, Cr. 68-53 and Cr. 69-49. After remand by this court, the trial court sentenced O'Connor to three concurrent fifty year sentences and a fine of $25,000.00.

On remand, and before the re-sentencing hearing, O'Connor moved to strike the three prior Minnehaha County convictions that were proposed for sentencing enhancement under the Part II Habitual Offender Information. O'Connor appeals the trial court's denial of his motion to strike those prior convictions.

O'Connor had received enhanced sentences for the three Minnehaha County felonies due to earlier convictions in Davison County. O'Connor applied for post-conviction relief in 1975 and on August 12, 1975 Circuit Judge Wilds entered an order declaring the enhanced portions of two of the three Minnehaha County sentences invalid due to constitutional defects in the underlying convictions from Davison County.

Judge Wilds' order did not, however, rule those Minnehaha County convictions invalid. In fact, Judge Wilds' order stated that the Minnehaha County convictions were valid.

 O'Connor claims the prior Minnehaha County felonies were erroneously used by the trial judge in finding him an habitual offender. He bases that claim on Judge Wilds' order declaring the enhanced portions of the Minnehaha County sentences invalid. This claim is plainly without merit. O'Connor confuses "sentence" with "conviction." We have earlier explained the differences between sentences and convictions in cases such as *State v. Dassinger*, 294 N.W.2d 926 (S.D.1980); *State ex rel. King v. Jameson*, 69 S.D. 565, 13 N.W.2d 46 (1944); *Ex parte Watt*, 73 S.D. 436, 44 N.W.2d 119 (1950); and *State ex rel. Smith v. Jameson*, 80 S.D. 333, 123 N.W.2d 300 (1963).

O'Connor also challenges the sentence he received, claiming a violation of his 8th Amendment right to proportionality in sentencing. This analysis is guided by objective criteria: "(1) the gravity of the offense and the harshness of the penalty; (2) sentence imposed on other criminals in the same jurisdiction; and (3) sentences imposed for the same crime in other jurisdictions." *State v. Weiker*, 342 N.W.2d 7, 11 (S.D.1983). We focus on the principal felony, but recognize that the prior convictions are relevant to the sentencing decision. *Id.*

The offenses in this case, although property offenses, were substantial in amount. They involved approximately one quarter of a million dollars. Among O'Connor's several prior crimes are many crimes of violence. The penalty levied against O'Connor was proportional to the gravity of the offenses he committed. The defendant has not presented sufficient information regarding sentences imposed on other criminals in South Dakota or sentences imposed for the same crime in other jurisdictions to convince this court that the sentence he received violated the rights guaranteed him by the 8th Amendment.

The judgment of the trial court is affirmed.

All the Justices concur.

GERKEN, Circuit Judge for WUEST, C.J., disqualified.