**John S. O'CONNOR, Petitioner and Appellant,**

v.

**Walter LEAPLEY, Warden of the South Dakota State Penitentiary, Appellee.**

No. 17455.

Supreme Court of South Dakota.

Considered on Briefs March 18, 1992.

July 22, 1992.

John A. Schlimgen of Stuart and Gerry Sioux Falls, for petitioner and appellant.

Mark Barnett, Atty. Gen., Sherri Sundem Wald, Asst. Atty. Gen., Pierre, for appellee.

GORS, Circuit Judge.

John S. "Jack" O'Connor (O'Connor) appeals from a trial court order denying his application for a writ of habeas corpus. We affirm.

## FACTS

O'Connor, who is no stranger to this court,[1] was convicted of grand theft and conspiracy to commit burglary and grand theft arising out of a quarter million dollar theft on January 3, 1982, from the Minnehaha County Food Stamp Office. The conviction, *State v. O'Connor*, 378 N.W.2d 248 (S.D.1985), and resentencing, *State v. O'Connor*, 408 N.W.2d 754 (S.D.1987), were affirmed on direct review.

O'Connor applied for a writ of habeas corpus alleging an improper ex parte submission of a pretrial brief, incompetence of defense counsel, inaccurate descriptions of plea agreements with state witnesses and insufficiency of the evidence. Following an evidentiary hearing, the habeas corpus court entered findings of fact, conclusions of law and an order denying the application.

## STANDARD OF REVIEW

■■■■ Habeas corpus collaterally attacks a final judgment and is not a substitute for direct review. Habeas corpus only reviews jurisdiction, lawfulness of a sentence and whether an incarcerated defendant has been deprived of basic constitutional rights. *Goodroad v. Solem*, 406 N.W.2d 141, 143–44 (S.D.1987). The habeas corpus court's findings of fact and conclusions of law may not be overturned unless they are clearly erroneous. SDCL 15–6–52(a); *Satter v. Solem*, 422 N.W.2d 425, 427 (S.D.1988); *Cowell v. Leapley*, 458 N.W.2d 514, 516–17 (S.D.1990).

## DECISION

### DID THE STATE'S SUBMISSION OF AN EX PARTE PRETRIAL BRIEF DEPRIVE O'CONNOR OF BASIC CONSTITUTIONAL RIGHTS?

■■■ Prior to O'Connor's trial, a deputy state's attorney submitted an ex parte pretrial brief.[2] The ex parte submission of the state's pretrial brief was improper[3] because submission of the ex parte pretrial brief violated the Code of Professional Responsibility for lawyers in effect at the time of trial. SDCL 16–18, Appx. (1979 Revision), DR 7–110 contained the following:

**DR 7–110 Contact with Officials.**

 \* \* \* \* \* \*

(B) In an adversary proceeding, a lawyer shall not communicate ... as to the merits of the cause with a judge ... before whom the proceeding is pending, except:

 \* \* \* \* \* \*

(2) In writing if he promptly delivers a copy of the writing to opposing counsel or to the adverse party if he is not represented by a lawyer.

The trial judge did not commit any ethical[4]

---

1. O'Connor appears here for the ninth time. *State v. O'Connor*, 84 S.D. 415, 172 N.W.2d 724 (1969); *State v. O'Connor*, 84 S.D. 449, 173 N.W.2d 48 (1969); *State v. O'Connor*, 84 S.D. 638, 175 N.W.2d 604 (1970); *State v. O'Connor*, 86 S.D. 294, 194 N.W.2d 246 (1972); *State v. O'Connor*, 87 S.D. 77, 203 N.W.2d 183 (1973); *State v. O'Connor*, 265 N.W.2d 709 (S.D.1978); *State v. O'Connor*, 378 N.W.2d 248 (S.D.1985); *State v. O'Connor*, 408 N.W.2d 754 (S.D.1987). The last two citations refer to direct appeals in this case. The prior appeals are totally unrelated to this case.

2. The state's ex parte pretrial brief argued that hearsay statements of an accomplice, Jim Severns, to Carol Monson, a co-conspirator, which

were subsequently related to Margaret McCutcheon could be used to corroborate Severn's testimony.

3. The habeas corpus court found that although submission of the ex parte pretrial brief was improper, O'Connor was not prejudiced and therefore his right to effective assistance of counsel was not violated.

4. The Canons of Judicial Ethics in effect at the time of the trial appeared in SDCL 16–2, Appx. (1979 Revision), Canon 3, contained the following:

or legal[5] violation because a trial court has no duty to ascertain whether briefs have been properly served and there is no indication that the trial judge in this case knew that the state's pretrial brief had not been served on opposing counsel.

 O'Connor argues that the submission of the ex parte pretrial brief was error as a matter of law and requires reversal of his conviction without showing prejudice. If an ex parte communication is invited or initiated by the judge, no prejudice needs to be shown.[6] *State v. Barker*, 227 Neb. 842, 420 N.W.2d 695, 699 (1988). However, where an ex parte communication is not invited or initiated by the judge, reversible error occurs only if the adverse party is prejudiced by an inability to rebut the facts communicated and if improper influence appears with reasonable certainty. *State ex rel. Irby v. Israel*, 100 Wis.2d 411, 302 N.W.2d 517, 524–25 (App.1981).[7]

Since the trial court did not invite or initiate submission of the state's ex parte pretrial brief, O'Connor must show prejudice. The brief dealt with pretrial evidentiary issues and no facts were communicated to a jury. O'Connor raises an innuendo that the trial court must have been influenced because the trial court ruled adverse to O'Connor. At the habeas corpus trial, the trial judge testified he was not influenced by the state's ex parte pretrial brief. Faced with the contrast between the trial judge's testimony and O'Connor's innuendo, the habeas corpus court found that the trial court was not improperly influenced by the state's ex parte pretrial brief. This finding is not clearly erroneous.

O'Connor's contentions concerning defense counsel's failure to object to instruc-tions and to propose alternatives to instructions, alleging inaccurate descriptions of plea agreements by state witnesses Severns and Cole and regarding insufficiency of the evidence are without merit.

Affirmed.

MILLER, C.J., and JOHNS, Circuit Judge, concur.

HENDERSON and SABERS, JJ., concur specially.

GORS, Circuit Judge for WUEST, Justice, disqualified.

JOHNS, Circuit Judge for AMUNDSON, Justice, disqualified.

HENDERSON, Justice (specially concurring).

By this opinion, I trust that it is abundantly clear that the prosecutors of this state (all lawyers for that matter) should not/cannot submit ex parte briefs to a judge. "Not only is it a gross breach of the appearance of justice when the defendant's principal adversary is given private access to the ear of the court, it is a dangerous procedure." *Haller v. Robbins*, 409 F.2d 857, 859 (1st Cir.1969).

"An ex parte communication between a trial court and government counsel '[i]n addition to raising questions of due process ... involves a breach of legal and judicial ethics.* Regardless of the propriety of the court's motives in such a case ... the practice should be discouraged since it undermines confidence in the impartiality of the Court.'" *Carroll v. Princess Anne*, 393 U.S. 175, 183, 89 S.Ct. 347, 352, 21 L.Ed.2d 325 (1968). *Accord: In re Taylor*, 567 F.2d 1183, 1188 (2nd Cir.1977).

**A Judge Should Perform the Duties of His Office Impartially and Diligently**

\* \* \* \* \* \*

A. Adjudicative Responsibilities.

\* \* \* \* \* \*

(4) A judge should ..., except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding.

5. SDCL 22-11-17 makes receipt of an ex parte communication a class 1 misdemeanor. Knowledge that the communication is ex parte and intent to violate the law are required. Neither appear in the record.

6. Prejudice is implicit in the judge's invitation or initiation of an improper ex parte communication.

7. In *Moore v. Moore*, 809 P.2d 261, 264 (Wyo. 1991), the court required a showing of manifest injustice.

* It is respectfully suggested that Judge Heege is not accused of a breach of judicial ethics hereby.

It is respectfully suggested that each of our trial judges in South Dakota carefully determine if counsel served a trial brief on his adversary; likewise, it is suggested that each lawyer reflect, by Certificate of Service, that service was made upon his adversary. With this type of legal mechanics, we should not have ex parte communications on briefs. Obviously, a Certificate of Service obviates all doubts on all legal documents. It proves service.

Although the habeas court found that the ex parte communication between the State and the trial court was "improper" and indefensible, it held:

> In light of the record, the testimony of Judge Heege and the fact that *there is [sic] no specific instances in the record which were pointed out to the court reflecting an impact on the trial due to submission of the brief, the court finds that such submission did not deprive applicant O'Connor of assistance of counsel as guaranteed by the Sixth Amendment.*

For the consideration of any federal reviewing authority, I wish to point out that a full and fair factual hearing was held below (at the state habeas corpus hearing) and the impact of the state's ex parte brief was deeply probed by questioning Judge Heege. There is hard evidence to establish that Judge Heege made impartial, independent rulings in O'Connor's case, including very difficult evidentiary questions. Judge Heege testified that all rulings were made upon the evidence and controlling state law; further, O'Connor's counsel had the opportunity to make objections and present arguments. The point is: An open hearing was held and due process was afforded on the critical issues in the case. Where there is an ex parte communication, such as we have in this case, the burden of establishing a lack of prejudice rests upon the prosecution. Prejudice is presumed. *See, United States v. Hackett,* 638 F.2d 1179, 1189 (9th Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). Here, this presumption fades because O'Connor's counsel was accorded the right to (1) cross-examine (2) present evidence (3) present legal authorities. A due process

violation would be a constitutional violation. Prejudice must be established before a constitutional violation is established. *State v. Wood,* 77 S.D. 120, 86 N.W.2d 530, 533 (1957). There is no prejudice, in my opinion, because a full hearing was developed below, in the habeas corpus court, granting O'Connor a meaningful opportunity to be heard. If the habeas corpus court found that there was prejudice to O'Connor, the habeas court would have set aside O'Connor's convictions.

Under 28 U.S.C. § 2254(d) (1988) the findings of the habeas court, after a full and fair fact-finding hearing, "... shall be presumed to be correct" unless the applicant can establish one of eight exceptions under that federal statute. I would not presume to act as a federal judge but I am convinced that this Court, which is the highest court in this state, has deeply reflected upon all of O'Connor's contentions in his brief, and the habeas state court likewise accorded O'Connor a fair determination, after an exhaustive hearing. *See, Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). I cannot find any of the eight exceptions lurking in the proceedings below which would open this Court's affirmance of the state habeas corpus court. Rather, I take comfort in the holding of *Townsend v. Sain, supra.*

Concerning Justice Sabers' special writing herein, it is noted that his special concurrence does not follow our rule in South Dakota, regarding habeas corpus relief, set forth in *McCafferty v. Solem,* 449 N.W.2d 590 (S.D.1989). Sabers, J.'s, special concurrence herein follows his special concurrences in *Everitt v. Solem,* 412 N.W.2d 119 (S.D.1987); *Podoll v. Solem,* 408 N.W.2d 759 (S.D.1987); and *Goodroad v. Solem,* 406 N.W.2d 141 (S.D.1987). *Everitt, Podoll,* and *Goodroad* support the language of this Court's scope of review concerning the remedy of post-conviction habeas corpus, as restricted by the provisions of SDCL 21-27-16. If one reads *Goodroad,* 406 N.W.2d at 143, this comment looms: "While we have allowed for some expansion in the subject matter of habeas corpus, *nonconstitutional, nonjurisdictional de-*

*fects cannot be reviewed on habeas corpus."* (emphasis supplied mine).

SABERS, Justice (concurring specially).

I write specially again to point out that habeas corpus reaches jurisdictional error, constitutional error, all "causes" listed in SDCL 21–27–16(1) through (7) and other illegal detentions, including those resulting from failure to comply with "substantive statutory procedure." *Podoll v. Solem,* 408 N.W.2d 759 (S.D.1987); *Goodroad v. Solem,* 406 N.W.2d 141, 146 (S.D.1987) (Sabers, J., dissenting); and, *Security Sav. Bank v. Mueller,* 308 N.W.2d 761, 762–763 (S.D.1981).