KONENKAMP, Justice
(dissenting).
[¶ 29.] Diligent jurors following the trial court’s instructions in this case could reasonably conclude that, based solely on a positive urinalysis, the law allows a conviction for knowing possession of a controlled substance, even if the jurors hold a reasonable doubt whether the defendant knowingly ingested that substance. The court told the jury in Instruction 17: “In a charge of knowing possession of a controlled substance, a positive urinalysis that reveals the presence of controlled substances in a defendant’s urine may be sufficient in and of itself to support a conviction.” (Emphasis added.) Imagine applying this rule in any other context: a positive urinalysis proves that victims of date rape drugs knew they were taking incapacitating drugs and that diners stricken with food poisoning knew they were eating contaminated food. If the substances were found in their bodies, then, to parrot the court’s instruction, “that may be sufficient in and of itself’ to prove they knowingly ingested the harmful substances. This instruction eliminat *914 ed the State’s burden of proving that the possession was knowing. Possession of a controlled substance thus became a strict liability offense.
[¶ 30.] Two instructions here were irreconcilable. Instruction 13 informed the jury that “Possession occurs if a person knowingly possesses an altered state of a drug or substance absorbed into the human body.” (Emphasis added.) Instruction 17 then contradicted Instruction 13, telling the jury that the presence of a controlled substance in the urine “may be sufficient in and of itself to support a conviction” for “the charge of knowing possession.” A positive urinalysis can indeed prove the presence of a substance in the body, but it cannot “in and of itself’ prove knowing possession. And simply because this language was extracted from our opinion in Mattson, does not mean it was proper to use it as a jury instruction. 2005 S.D. 71, ¶ 54, 698 N.W.2d at 554.
[¶ 31.] Jurors are, of course, required to consider the instructions as a whole, and error cannot be predicated upon a single instruction that might be objectionable when considered in isolation. Yet many courts, including ours, have long held that when instructions as a whole conflict, such constitutes prejudicial error. State v. Moschell, 2004 S.D. 35, ¶ 54, 677 N.W.2d 551, 567 (citation omitted); State. v. Evans, 12 S.D. 473, 81 N.W. 893, 894 (1900). Instruction 17 directly linked Whistler’s positive urinalysis to a conviction for knowing possession. It gave the jury the option of disregarding an essential element of the offense. The instruction began with, “In a charge of knowing possession ...,” and then told the jury that it may convict Whistler of that charge — knowing possession — based solely on the positive urinalysis, not because the jury believed that the State had met its burden of proof. The instruction was “incorrect, misleading, conflicting, [and] confusing,” and our Court errs in not reversing and remanding for a new trial. See State v. Packed, 2007 S.D. 75, ¶ 17, 736 N.W.2d 851, 856 (citations omitted).
[¶ 32.] SEVERSON, Justice, joins this dissent.